Bruce Eugene **BOSWELL**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21878.

United States Court of Appeals Ninth Circuit.

Feb. 15, 1968.

182

J. B. Tietz (argued), Michael Hannon, Los Angeles, Cal., for appellant.

William P. Lamb (argued), Asst. U. S. Atty., William Matthew Burne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and BELLONI, District Judge.

BELLONI, District Judge:

Appellant was convicted of having refused to be inducted into the armed forces, in violation of 50 U.S.C. App. § 462(a). District court jurisdiction was founded on 18 U.S.C. § 3231 (1964), and our review is sought pursuant to 28 U.S. C. §§ 1291, 1294 (1964).

The record shows Boswell had been registered with the local board of the Selective Service System (Board) since 1961, had completed several questionnaires, taken a physical, received a student deferment, and been classified 1–A, all without ever claiming to be a conscientious objector or appealing his classification.

Boswell was ordered to report for induction on February 23, 1966; the date was postponed to March 16, 1966. The day before the scheduled induction, Boswell submitted this statement to his Board:

> "I would like my position and beliefs made clear from the very beginning of my term in the Armed Services.

> "I am willing and would be happy to serve my country in a constructive manner. However, I refuse to fight an illegitimate war or kill or take part in killing foreign people in foreign lands."

Boswell appeared on March 16, 1966, was allocated to the United States Marine Corps, but refused to submit to induction. He contends that he appeared at the Board office the day before his induction was scheduled (at the time the letter quoted above was submitted), and requested a Form 150 (special form for conscientious objectors), which the clerk of the Board refused to give him. Appellant contends that this refusal denied him the opportunity to submit a claim for a conscientious objector classification, resulting in a denial of due process. This contention was first raised at the district court trial, when Boswell testified to that effect. The government, claiming surprise, did not have employees available to testify, and relied upon the presumption that official duty was regularly performed. The district court, hearing the case without a jury, found Boswell guilty.

Because a waiver of findings of fact had been filed by both parties, the district court made none. The court could

have based its judgment either on a disbelief that Boswell was denied the opportunity to file (in which case the conviction should stand), or it could have based its judgment on the erroneous view of the law urged by the government that the denial, if true, was harmless [1] (in which case the conviction was erroneous).

■ If a legally sufficient conscientious objector form had been filed after induction notice but before induction, the Board should have considered the form to determine whether to reopen.[2] We cannot know what Boswell's statement would have been if he had been permitted to file Form 150. Although his testimony at the trial would seem to be contrary to any claim that his status changed after receipt of the induction notice, he had a right to have the Board consider his claim as it was at the time he attempted to file it, if he did make the attempt.

■ If, as he contends, he was refused an opportunity to file the form, that action was arbitrary and a denial of due process. Boyd v. United States, 269 F. 2d 607, 610 (9th Cir. 1959); Miller v. United States, 388 F.2d 973 (9th Cir. 1967); Stain v. United States, 235 F.2d 339 (9th Cir. 1956); Knox v. United States, 200 F.2d 398 (9th Cir. 1952).

■ The matter is remanded to the district court to make a finding whether appellant was denied the opportunity to file by refusing him a Form 150. If the district court finds that he was refused the opportunity, he was denied due process and should be acquitted. If he was not denied the opportunity, the conviction must stand.

Remanded.

1. This view was abandoned by the government on oral argument on appeal.

2. 32 C.F.R. § 1625.2: "The local board may reopen and consider anew the classification of a registrant * * * provided, * * * the classification of a registrant shall not be reopened after

the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."