**UNITED STATES of America,
Plaintiff,**

v.

**Kelsey Lee BOWER, Defendant.**

**No. 42500.**

United States District Court
N. D. California.

May 12, 1969.

U. S. Atty. Cecil F. Poole and Asst. U. S. Atty. John G. Milano, San Francisco, Cal., for plaintiff.

James W. Stewart, San Jose, Cal., for defendant.

MEMORANDUM AND ORDER

PECKHAM, District Judge.

This matter came on for trial on May 5, 1969. At the close of the government's case the defendant moved for judgment of acquittal. This motion was denied, and the defendant declined to put on any further evidence. The defendant then renewed his motion for acquittal which is presently pending before this Court.

Defendant wrote to his board requesting conscientious objector form 150 on March 14, 1968. Because he did not include his selective service number on his letter, and because he did not mention that he was presently under orders to report on March 20, 1968, the local board did not file his letter until the day of induction. Defendant refused induction and the local board sent him the form 150 which he filled out and returned. Defendant contends that the failure to send the form 150 prior to the induction date, or, in the alternative, to set a new induction date, was a violation of both the selective service law and due process. Boswell v. United States, 390 F.2d 181 (1969), is urged on this Court as controlling. Unlike the present case, in the *Boswell* case the court did not have the completed form 150 before it. This Court is ruled by Blades v. United States, 407 F.2d 1397 (9th Cir.) where the Court, as an alternative holding, held that board fail-

ure to send a form 150 before the date of induction was not prejudicial because the defendant had not alleged any change of circumstances beyond his control in his request for form 150 that the Board received after his induction date.

The only thing which defendant Bower transmitted to his board relevant to change of circumstances was the statement on his form 150 that:

"It was just recently that I found that C. O. applied to me and that I could justify my applying."

Unfortunately, this late acquisition of knowledge of the selective service law is not the kind of change of circumstances, such as crystalization of beliefs, which § 1625.2 of the regulations contemplate. Thus, assuming without deciding that the failure to mail the form prior to the induction date was error on the part of the Board, this Court is constrained to apply the *Blades* case and hold that the error was non-prejudicial. Since the error was non-prejudicial, it also follows that there was no denial of due process. Defendant's motion for judgment of acquittal in this and all other respects is denied, and Defendant is adjudged guilty as charged.