UNITED STATES of America, Plaintiff-Appellee,

v.

Donald James ANGELICO, Defendant-Appellant.

No. 17825.

United States Court of Appeals, Seventh Circuit.

May 27, 1970.

Robert J. Gorman, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Lawrence J. Cohen, Chicago, Ill., John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel, for appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and KERNER, Circuit Judge

SWYGERT, Chief Judge.

Defendant, Donald Angelico, was indicted for refusing to submit to induction into the armed forces under the provisions of the Universal Military Training and Service Act. Upon a finding of guilty, the court sentenced him to three years imprisonment. He appeals from that conviction and sentence. His defense rested on the allegation that the local board improperly refused to consider his claim of conscientious objection which was filed after he had received an order to report for induction.

The defendant had been classified 2–S for three years while he attended college. He was reclassified 1–A on November 9, 1967 when he left school to earn enough money to return to his studies. During a Selective Service physical examination, taken by the defendant on January 31, 1968, he stated to a doctor that he was a conscientious objector. On February 11, 1968 the defendant was advised that he was physically acceptable for military service. The defendant testified that, due to his belief that he

would fail the physical examination, this notice came as a surprise and led to the realization that he would have to file a conscientious objection form. Two days later, before filing such a form, the defendant was ordered to report for induction on March 4, 1968.

Three days thereafter, on February 16, the defendant picked up a conscientious objection Form 150 from the local board office and filed it on February 19. On February 26, his induction order was postponed in order to allow the board to consider his file. The board, without a hearing, denied defendant's request for conscientious objector's classification on April 12, 1968, and informed the defendant of this denial by letter. On April 29 a new induction order was sent to the defendant ordering him to report on May 29, 1968. The following day, April 30, the defendant wrote to the board requesting a personal appearance. This was denied on May 10 and on May 29 the defendant refused to submit to induction.

On appeal, the defendant attacks the validity of Selective Service Regulation 32 C.F.R. 1625.2 [1] as denying the conscientious objection exception granted by Congress in 50 U.S.C. App. § 456(j). [2] Defendant argues that this court should take judicial notice of the indecisiveness of youth and hold that a claim of conscientious objection should be entertained by the local board regardless of the fact that it follows an induction order. The defendant relies on United States v. Gearey, 368 F.2d 144 (2d Cir. 1966), which held that a registrant's conscientious objection which matures or crystallizes in his mind after the receipt of an induction order falls within the scope of section 1625.2 as a change of status "resulting from circumstances over which the registrant had no control." Accordingly, the court held, the local board must determine when the belief matured in order to rule on whether or not a classification should be reopened.

Although some courts have implicitly followed the *Gearey* rationale, [3] others, including this circuit, have declined to do so and have held that a conscientious objection claim must be made before re-

---

1. Section 1625.2 provides:
   When Registrant's Classification May Be Reopened and Considered Anew.—The local board may reopen and consider anew the classification of a registrant (1) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; or (2) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from

   circumstances over which the registrant had no control.

2. Section 456(j) provides in pertinent part:
   Nothing contained in this title [* * * of this Appendix] shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. As used in this subsection, the term "religious training and belief" does not include essentially political, sociological or philosophical views, or a merely personal moral code. * * *

3. United States v. Broyles, 423 F.2d 1299 (4th Cir., March 19, 1970); Boswell v. United States, 390 F.2d 181, 183 (9th Cir. 1968); United States v. Baker, 1 SSLR 3210 (E.D.N.Y.1968). In two cases, United States v. Underwood, 151 F.Supp. 874 (E.D.Pa.1955), United States v. Crawford, 119 F.Supp. 729 (N.D.Cal. 1954), section 1625.2 was held inapplicable to conscientious objectors under 50 U.S. C.App. § 456(j).

ceipt of an order to report for induction.[4] We find it unnecessary on the record presented in the instant case to resolve the question of whether to adopt the *Gearey* rationale. It is clear from the defendant's testimony and the Selective Service file that his conscientious objection beliefs were formed prior to receipt of his induction order. Indeed, he admits that at the time he received the notice that he had passed the physical examination he realized that he would have to file his conscientious objection Form 150. At the examination itself the defendant told a doctor that he was a conscientious objector. These incidents occurred before he received his order to report for induction.[5]

We appreciate the defendant's argument that the decision to formally assert one's conscientious objections against service in the armed forces is a difficult one for a youth to make in light of the societal conflicts which may result. We are of the opinion, however, that this argument cannot be employed to defeat the requirement of one who has formed such beliefs to assert them at the time of their formation or to take the chance that he may be precluded from asserting them thereafter. The *Gearey* case itself recognized the application of the bar of section 1625.2 "to applicants whose conscientious objections matured prior to receipt of an Order to Report for Induction." 368 F.2d at 149. In short, prior formation of beliefs precludes a finding that there has been any change in the status of the registrant after receipt of an induction order.

Furthermore, we find no basis in the record to support the assertion of the defendant that the board denied his conscientious objection claim solely because it was filed late. The April 12, 1968 letter sent to the defendant stated that his "request was considered, all new information and complete file, and it was the members decision that there be no change in [his] classification." Also, the board's letter of February 26, 1968 to the State Director, postponing the defendant's induction, stated that such action was taken, "in order that the members [of the board] may review his file." Moreover, no members of the board were called as witnesses at the defendant's trial to substantiate his claim that his Form 150 was not considered. Thus, there was sufficient evidence to support the district court's finding that the board did in fact review the defendant's claim of conscientious objection.

The judgment of conviction is affirmed.

---

4. *E. g.*, United States v. Porter, 314 F.2d 833, 835–836 (7th Cir. 1963); United States v. Schoebel, 201 F.2d 31, (7th Cir. 1953); Davis v. United States, 374 F.2d 1, 4 (5th Cir. 1967); United States v. Taylor, 351 F.2d 228 (6th Cir. 1965).

5. The district court found that the board was justified in denying defendant's conscientious objection claim on the merits, and that "the Board had a basis upon which to conclude that his alleged scruples against the use of force and par-

ticipation in war were of long standing, and that the defendant's views had not recently matured, and that he had a continuity of belief and conviction, and that there was, therefore, no change in his status arising from circumstances beyond his control." The court also found that the board did in fact review defendant's Form 150 as it was, in the court's opinion, required to do before determining whether to reopen his classification under section 1625.2.