**UNITED STATES of America,
Plaintiff,**

v.

**Richard Leslie WATSON, Defendant.**

No. 69 Cr. 64(1).

United States District Court,
E. D. Missouri, E. D.

June 30, 1970.

Daniel Bartlett, Jr., U. S. Atty., James M. Gordon and Peter T. Straub, Asst. U. S. Attys., St. Louis, Mo., for plaintiff.

Louis Gilden, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, District Judge.

The defendant was charged by an indictment returned March 20, 1969, with a violation of the Universal Military Training and Service Act, 50 U.S.C. App. § 462, for willfully and knowingly failing to comply with an order of the Local Board to report for and submit to induction into the Armed Forces of the United States. Defendant was represented by his attorney and pleaded not guilty on May 26, 1969. Defendant's refusal was based upon his claim that Selective Service authorities should have exempted him. Defendant waived jury trial, and the cause was heard on July 10, 1969. Defendant has filed a motion for judgment of acquittal and the same is now before the court.

The defendant registered with the Selective Service System on February 20, 1967, and was classified I–A on March 8, 1967. On May 3, 1968, the defendant was found acceptable for military service. On August 7, 1968, defendant was ordered to report for induc-

tion on September 20, 1968. On September 17, 1968, defendant submitted a physician's statement that defendant's wife was pregnant, and also requested and received the appropriate form for a claim of conscientious objection. On that date, the Local Board clerk informed defendant that the pregnancy of his wife would not affect his classification. On September 20, 1968, defendant returned the completed conscientious objector form. Also, on September 20, 1968, defendant reported for but refused to submit to induction in the Armed Forces.

On October 9, 1968, the State Director, by letter, authorized the Local Board to review and consider the information submitted by the defendant with respect to his claim of conscientious objection. By letter of November 6, 1968, the United States Attorney recommended that the Local Board postpone defendant's induction, invite defendant in for a courtesy interview, and determine when defendant's conscientious objector beliefs matured and whether or not defendant was sincere in his beliefs; and to decline to reopen defendant's classification if defendant was found to be insincere or if his views were found to have matured prior to the order to report for induction. On November 19, 1968, the State Director authorized a postponement of induction until the matters under consideration contained in the November 6th letter of the United States Attorney were resolved.

Defendant was invited to an interview before the Local Board and was interviewed on December 11, 1968. The entry in defendant's file pertaining to the interview of December 11th, states in part:

"Registrant was questioned as to when he first believed he was actually a Conscientious Objector. Mr. Watson made statement, it was in July, 1968. He was introduced to the minister of 'World Wide Church of God', located in Belleville, Illinois. At this time he first formed the belief that he was a Conscientious Objector. Then

began attending church services at this church and has continued to attend."

The decision of the Local Board was that defendant's classification should not be reopened and that he should be ordered to reopen for induction.

On December 20, 1968, defendant was ordered to report for induction on January 16, 1969. On December 26, 1968, defendant requested a personal appearance before the Local Board for the purpose of appealing his classification. The request was denied on December 30, 1968. Defendant wrote the State Director on January 3, 1969, requesting a personal appearance before the Local Board, and the same was denied on January 8, 1969. On January 16th defendant reported for but refused to submit to induction into the Armed Forces.

Defendant has asserted thirteen grounds in support of his motion for acquittal, which basically present five issues in which defendant claims there was no basis in fact for the classification given him and that he was denied due process of the law.

Defendant contends that his induction order was unauthorized because the Local Board failed to convene to select defendant for induction and that such selection is beyond the jurisdiction of the Board clerk.

Selective Service Regulation 32 C.F.R. 1631.7 describes the action to be taken by a local board upon receipt of notice of call. Two provisos in that section state that certain delinquent and volunteer registrants may be selected to fill the call for induction. Both provisos state that such a delinquent or volunteer *may* be selected "notwithstanding the fact that he has not been found acceptable for service in the Armed Forces * * *." The section goes on to set out a mandatory order of induction.

■ Whatever discretion in the Local Board is allowed by the two provisos is not relevant here. The minutes of the Local Board show that defendant was classified I–A by a vote of the Local

Board on March 8, 1967. Defendant was found acceptable by his physical examination and was so notified. He clearly is not within the terms of the provisos. The section specifically provides for a mandatory order of selection for induction ("* * * shall be selected and ordered to report for induction in the following order * * *." 32 C.F.R. § 1631.7).

■■ It was proper for a notice of induction to be sent to defendant. There is no doubt that the Local Board may authorize a clerk to sign and mail an induction order. The very specific and detailed provisions in Section 1631.7 as to the order of call leave nothing to the discretion of the Local Board. Once the registrant has been found to be acceptable and has been notified of that fact, the procedure of selection is routine. The Military Selective Service Act of 1967 denies discretionary power to vary the order of selection and induction (50 U.S.C. App. § 455(a) (2).)

Defendant contends that the Local Board failed to notify the defendant of the availability of an appeal agent and that such failure was error. 32 C.F.R. § 1604.71(a) requires that a Government Appeal Agent be appointed for each Local Board. Local Board Memorandum No. 82 issued March 6, 1967, provides:

"Whenever a local board places a registrant in either Class I–A, I–A–O or I–O, it shall, at the time the Notice of Classification (SSS Form 110) is mailed, also inform the registrant that the Government Appeal Agent is available to advise him on matters relating to his legal rights, including his right of appeal."

On March 8, 1967, defendant was classified I–A and so notified on March 10, 1967, by SSS Form 110. SSS Form 110 (Government's Exhibit 2) contains a full Notice of Right to Personal Appearance and Appeal, but does not specifically mention an appeal agent. Missouri Form 6 (Government's Exhibit 3) is a clear notice of the registrant's rights concerning the appeal agent.

■ There seems to be some confusion in the Local Board clerk's testimony as to whether Missouri Form 6 was sent to defendant. In rebuttal, the government introduced Exhibits 2 and 3 and the clerk testified that the very same type of forms had been mailed to defendant on March 10, 1967. There is no denial by defendant that he received the forms. Indeed, nowhere in his testimony does defendant ever say that he was not informed of the availability of the Government Appeal Agent. His assertion that he was not so advised is not supported by the evidence.

Defendant contends that the Local Board's failure to consider the information that defendant's wife was pregnant and that his induction would cause extreme hardship was error and a denial of due process. On August 7, 1968, defendant received an order to report for induction on September 20, 1968. On September 17, 1968, defendant notified the Local Board that his wife was pregnant by filing a statement by a doctor to that effect. The evidence is that the Local Board clerk told the defendant at that time that his classification would not be affected by his wife's pregnancy.

32 C.F.R. § 1622.30(c) (3) provides:

"No registrant shall be placed in Class III–A * * * because he has a child which is not yet born unless prior to the time the local board mails him an order to report for induction which is not subsequently cancelled there is filed with the local board the certificate of a licensed physician * * *."

■ The defendant had already received an order to report for induction, and that order was not cancelled. 32 C.F.R. § 1622.30(c) precluded the notice of pregnancy from operating as a bar to defendant's induction three days later.

■■ Moreover, the simple assertion that his wife was pregnant would not in and of itself entitle defendant to a hardship deferment. The doctor's statement was not prima facie evidence of hardship. It is a fact that may or may not support a claim for a hardship deferment. Defendant did not request a reclassification on that ground, and did not supply any facts in addition to the doctor's statement which would tend to indicate a claim for hardship deferment was being made.

■ Defendant argues that the Local Board clerk, in telling the defendant that his wife's pregnancy would not affect his classification, so thwarted and discouraged him from presenting additional evidence supporting a hardship claim as to amount to a physical blocking of the filing of the information. The board clerk could not have prevented the defendant from providing more information with regard to his claim. In this case we are not dealing with a registrant who was ignorant of his rights under the rules and regulations of the Selective Service System. The record shows that the defendant was acting pursuant to an attorney's advice at least from September 17, 1968. While it is conceivable that a registrant might be momentarily thwarted by statements of a board clerk, it surely is not conceivable that his attorney would be. A more reasonable interpretation of the facts is that the defendant did not intend to seek a hardship deferment, but primarily intended to claim exemption as a conscientious objector, and secondarily to inform the Local Board of his wife's pregnancy in an effort to qualify for a III–A classification based on the pregnancy alone. The record supports this interpretation in two ways. Defendant never orally or in writing indicated his desire to claim a hardship deferment. Defendant refused to accept the Local Board's offer to postpone induction until after the birth of his child.

Defendant argues, however, that the Local Board was required under 32 C.F.R. § 1625.2(b) to meet to consider the new information, and could then have found facts showing a change of status beyond the control of the registrant. In that event, defendant maintains that his classification would have been reopened, thereby cancelling his induction order

(32 C.F.R. § 1625.14) and permitting a classification of III–A under 32 C.F.R. § 1622.30(c) (3).

■ The terms of Section 1625.2(b) specifically state that the Local Board *may* reopen a registrant's classification, but that it *shall not* reopen the classification after an order to report for induction has been mailed unless there is a specific finding that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control. It is not the function of this court to sit as a super draft board to determine whether or not defendant's impending fatherhood was a circumstance beyond his control. The question is simply whether the board was compelled to consider the new information in view of the very specific terms of 32 C.F.R. § 1622.30(c) (3) precluding Class III–A dependency classification unless notice of pregnancy is given prior to the order for induction.

With regard to the permissive language of § 1625.2 specifying that the board "may reopen", the Eighth Circuit has said in Vaughn v. United States, 404 F.2d 586, at 590:

> "The courts have held that the language of § 1625.2 is not unqualifiedly permissive and that the local board cannot act with complete discretion and arbitrariness. If the evidence submitted is sufficient to establish a prima facie case of the registrant's claim, then the board must reopen and determine whether registrant is entitled to the requested classification. Stain v. United States, 235 F.2d 339 (9th Cir. 1956) ; United States v. Ransom, 223 F.2d 15 (7th Cir.1955) ; United States v. Vincelli, 215 F.2d 210 (2nd Cir. 1954)."

The evidence submitted by defendant Watson with respect to his wife's pregnancy did not establish a prima facie case of his claim. Pregnancy is not prima facie evidence of hardship and the information was submitted subsequent to an order for induction which was not cancelled. No facts or information were submitted which would show why defendant did not inform the Local Board of his wife's pregnancy prior to the order for induction, when in fact his wife was at least four months pregnant. Defendant did not orally or in writing at any time indicate that any circumstances existed which were beyond his control that would preclude the operation of § 1622.30(c) (3).

■ Defendant argues that pregnancy is a status beyond the control of the registrant and thus automatically compels a reopening of classification and cancellation of the induction order, which would in turn allow the defendant to be given a III–A classification under § 1622.30(c) (3). Such an argument completely eliminates § 1622.30(c) (3) in purpose and function. That section specifically states that pregnancy shall not be a basis for a III–A classification unless notice of the pregnancy is given before the induction order is mailed or the induction order is cancelled. If the fact of pregnancy cancels the induction order, where is the rule? The better view would seem to be that where the notice of pregnancy is given after the induction order has been mailed, in order to reopen classification under § 1625.2 there must be some showing of circumstances beyond the control of the registrant which prevented the registrant from notifying the board of the pregnancy prior to the mailing of the order for induction. Thus, whether or not pregnancy is legally a circumstance beyond the control of the registrant, the least that is required to avoid the specific language of § 1622.30(c) (3) that notice be given prior to the order for induction is a reason why notice was not given prior to the induction order. The record is bare in this case as to any such circumstances. The clear terms of § 1622.30(c) (3) apply. Defendant was not entitled to have his classification reopened on the basis of information submitted to the Local Board that his wife was pregnant after the notice for induction was mailed.

Defendant contends that the failure of the Local Board to supply defendant with copies of the letters of the United States Attorney and the State Director which were placed in defendant's file constituted a denial of due process. The letters in question are, (1) a letter of October 9, 1968, from the State Director authorizing the Local Board to consider the information submitted by defendant with respect to his conscientious objector claim, and (2) a letter of November 6, 1968, from the Office of the United States Attorney recommending that the defendant's induction be postponed, and that defendant be invited to appear before the board to express his views at a courtesy visit, and that at the hearing a determination be made as to whether or not defendant's classification should be reopened. In particular, the letter states: "* * * If the local board were of the opinion that the registrant's views had matured prior to the order to report for induction, then the local board should decline to reopen this defendant's classification * * *." Defendant testified that he had never seen the letters; that he was unaware of their existence.

Defendant relies primarily on the recent Eighth Circuit case of United States v. Owen, 415 F.2d 383, in support of his contention. In that case, the registrant's file was shown to a minister unconnected with the case in violation of 32 C.F.R. § 1606.31. The minister reviewed the file and commented upon it adversely to the registrant. These comments were incorporated into a letter from the local board to the State Director, enclosing the file for review. The court states on pages 388–389:

"* * * Moreover, it is clear that Owen had no knowledge of the information and, consequently, no opportunity to rebut it until he received a copy of his selective service file subsequent to his refusal to submit to induction, while we may charge literate registrants with knowledge of information with which they are directly confronted, such as that contained on registration or classification cards, we may not expect a working knowledge of selective service regulations or inquiry at the office of the local board to guard against information received from an outside source. Inherent in the most narrow view of due process is the right to know of adverse evidence and the opportunity to rebut its truth and relevance. Chernekoff v. United States (9th Cir.1955) 219 F.2d 721. * * * Thus an opportunity to reply in writing after being apprised of all information before the board is indispensable to basic due process. * * *

"We hold that Owen was denied a basic procedural right when he was classified by the local board and the appeal board without first being apprised of adverse information in his file and being given an opportunity to rebut it."

The *Owen* case is distinguishable from the present case. Defendant Watson's file was not given to anyone in violation of 32 C.F.R. § 1606.31's mandate of confidentiality. There is no evidentiary content to be rebutted in the letters in question; nothing with which to "confront" the defendant. Certainly, the defendant had a right to know of adverse evidence and to an opportunity to rebut its truth and relevance. But no adverse evidence is contained in the letters. The defendant could not have been classified on the basis of information, if any, contained in the letters in question when he was classified seventeen months prior to the date of the letters. Defendant was not denied a basic procedural right when he was not apprised of the existence of the letters in the file.

Nor was defendant denied due process when he was invited to an interview before the Local Board, without being told the subjects to be discussed at the interview. The letter apprising the defendant of his appearance states: "You are invited to appear before this local board on 11 December 1968. Come in around 2:45 p.m."

The failure of the Local Board to inform the defendant of the purpose of the interview did not deprive the defendant of a fair hearing. Surely it was apparent to the defendant that his conscientious objector claim would be discussed. Defendant could have presented affidavits and supporting documents at any time, but he would not have been allowed to present witnesses at the courtesy visit. If the disposition of the defendant's claim for conscientious objector exemption was not supported by the evidence or improperly decided, the question is addressed to the factual basis for the classification. But alleged lack of notice is an assertion of denial of procedural due process. And the defendant has failed to show prejudice resulting from the alleged lack of notice. Defendant was aware of his status at all times. It is the opinion of the court that the letter inviting the defendant to an interview was a proper notice.

The core of defendant's motion for a judgment of acquittal is his contention that he was illegally denied a reopening of his classification on his conscientious objector claim; or there was a de facto reopening and a subsequent denial of procedural rights under such a reopening. The procedure by which this defendant was ordered for induction is unusual. The defendant was ordered to report for induction and did report for but refused to submit to induction on September 20, 1968. On September 17, 1968, three days before the date for induction, defendant requested SSS Form 150, the special form for conscientious objectors. Thereafter, the Office of the State Director authorized a postponement of the September 20th day of induction. Defendant was invited to an interview which was held on December 11, 1968. Following the interview the postponement was cancelled and the defendant was issued a new reporting date under the original order to report for induction. On January 16, 1969, defendant reported for but refused to submit to induction. This prosecution is based on the failure to submit to induction on January 16, 1969.

At the outset it can be stated that the reopening of a registrant's classification gives the registrant the same right of personal appearance and the same right of appeal as a reclassification or an original classification. Davis v. United States, 410 F.2d 89, 93 (8th Cir.1969); 32 C.F.R. 1625.11, 1625.13. The questions presented here are whether in fact his classification was reopened, and if not, whether he was entitled to a reopening of his classification based on his claim of conscientious objection. There is no dispute that the rights of personal appearance and appeal were not given following the defendant's assertion of his claim of conscientious objection.

Defendant submitted SSS Form 150 on September 20, 1968, the very day he was to report for induction. Defendant argues at length that his induction date of September 20th could not have been postponed, claiming that it is a logical impossibility to postpone an event that has occurred. In view of the fact that the defendant failed to submit his claim of conscientious objection until a few hours before his scheduled induction, the Local Board could not reasonably have been expected to postpone the induction before it occurred. And the State Director was not prohibited from doing it later. 32 C.F.R. 1632.2(a) (b) provides that the State Director may "at any time after issuance of an order to report for induction (SSS Form 252) postpone the induction of a registrant * * *."

Such a postponement was authorized on November 19, 1968. The postponement subsequent to the event postponed may present a problem in semantic logic, but such action was necessary in order that the board consider the defendant's alleged change in status submitted but a few hours before induction, and in an effort to avoid dual processing. The postponement was proper

under the circumstances and the induction order remained in effect and valid.

 In order that a registrant's classification be reopened after the induction order has been mailed, the board must specifically find that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control (32 C.F.R. 1625.2). In order that a reopening be compelled, the registrant must submit evidence to establish a prima facie case of his claim. 32 C.F.R. 1625.2. Vaughn v. United States, 404 F.2d 586 (8th Cir. 1968).

 Section 1625.2 required that the board determine specifically whether there had been a change in Watson's status due to circumstances beyond his control. On December 11, 1968, the Local Board interviewed the defendant. The interview was proper to determine whether the defendant's classification should be reopened. It was not, as defendant contends, a de facto reopening of his classification.

The State Director in his letter of October 9, 1968, suggested that defendant be invited to an interview "somewhat in the nature of the consideration mentioned in Paragraph 3(b) of LBM No. 41." That paragraph describes a preclassification interview. The stated purpose of the 41 3(b) interview is "to develop further facts on which the conscientious objector claim is based and the sincerity of such a claim." Contrary to defendant's contentions, an interview in the nature of a preclassification interview is not a reclassification and does not ipso facto reopen classification. The Local Board was barred from reopening defendant's classification after the induction order had been mailed until a specific finding was made as to whether Watson had had a change in status due to circumstances beyond his control. An interview to develop facts concerning the alleged change in status was proper and consistent with § 1625.2. A specific finding was made following the interview as to the change in status.

Nor do the contents of the interview indicate that defendant's classification was in fact reopened. Consideration of whether a registrant was entitled to a conscientious objector classification has been renounced as a denial of due process. Miller v. United States, 388 F.2d 973 (9th Cir.1968). And in Robertson v. United States, 404 F.2d 1141 (5th Cir. 1968) the court said at page 1146:

"Whether or not a registrant is ultimately reclassified, the decision by the local board to reopen or not to reopen his classification is a separate determination of independent procedural significance * * * the regulations do not permit the Board to evaluate a request for reclassification on its merits until it first determines whether the information submitted by the registrant requires reopening. * * * In this case, the Board did not reopen Robertson's classification and deny reclassification on its merits. Instead, it considered whether or not he should be reclassified, and, having decided that he should not be refused to reopen his classification. This decision in itself denied Robertson important avenues of appeal within the Selective Service system."

 The Local Board minutes of the interview of December 11, 1968, show that the defendant was questioned as to the time he first became a conscientious objector, and that he replied that it was in July, 1968. That record clearly shows that the board decided not to reopen the classification on the basis of the defendant's statements as to when his beliefs matured. The point in time that a registrant's beliefs matured is a valid consideration in determining whether to reopen classification, and classification may not be reopened if the board finds his beliefs matured before his notice for induction. United States v. Geary, 2 Cir., 368 F.2d 144, on remand, D.C., 266 F.Supp. 161, Aff'd 2 Cir., 379 F.2d 915, cert. denied 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368; Oshatz v. United States, 404 F.2d 9 (9th Cir. 1968).

■ The record does not support defendant's contention that the Board based its decision not to reopen defendant's classification upon an inquiry into the merits of his conscientious objection claim. Defendant's classification was not in fact reopened.

The Local Board was not in error in refusing to reopen defendant's classification. There is no evidence that there was a change in defendant's status resulting from circumstances over which he had no control. Several recent circuit court decisions have held that the development of conscientious objections to war may constitute a circumstance over which the registrant had no control. United States v. Sandbank, 403 F. 2d 38 (2nd Cir., 1968); United States v. Gearey, 368 F.2d 144 (2nd Cir., 1966), cert. den., 389 U. S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967); Keene v. United States, 266 F.2d 378 (10th Cir., 1959); Boswell v. United States, 390 F.2d 181 (9th Cir., 1968); United States v. Stafford, 389 F.2d 215 (2nd Cir., 1968).

The Eighth Circuit recently commented on conscientious objectors' claims in United States v. Rundle, 413 F.2d 329, 334 (8th Cir. 1969), quoting from Davis v. United States, 410 F.2d 89 (8th Cir. 1969):

" 'Undoubtedly, where a registrant presents a claim for conscientious objector status when his induction is imminent and when he has already been deferred for other reasons, the board is likely to view his claim and motives with considerable suspicion. Yet moral and religious values are subject to change, particularly as a young man reaches and enters maturity.' " (Footnote 3)

■ Here the Local Board specifically found that the conscientious objections of defendant matured prior to the mailing of the order of induction. That finding has a sufficient basis in fact. There is no authority for the proposition that beliefs which matured prior to the mailing of the order of induction are circumstances beyond the control of the registrant within the meaning of § 1625.2. The Local Board was justified in refusing to reopen the defendant's classification.

Thus, by virtue of 32 C.F.R. 1632.2 the defendant was required to report for induction on the new reporting date given him after the cancellation of the postponement: "A postponement of induction shall not render invalid the order to report for induction (SSS Form 252) which was issued to the registrant but shall operate only to postpone the reporting date and the registrant shall report on the new date without having issued to him a new order to report (SSS Form 252)."

Defendant did report on January 16, 1969, but failed to submit to induction.

The court finds the defendant guilty as to Count 1 of the indictment.

The court adopts this memorandum opinion as its findings of facts and conclusions of law in this case.