**UNITED STATES of America, Plaintiff,**

v.

**James Edward RADA, Defendant.**

**No. 3–71–Crim.–171.**

United States District Court, D. Minnesota, Third Division.

March 8, 1972.

Robert G. Renner, U. S. Atty., and Elizabeth A. Egan, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Ralph E. Koenig, St. Paul, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

On February 10, 1972, trial was held to the court in this jury waived criminal action. A two count indictment, returned November 24, 1971, charged defendant with failing to report for a physical examination and failing to report for induction into the Armed Forces of the United States as ordered to do so by his local Selective Service Board.

Defendant was registered with the Selective Service System on May 7, 1969, and on June 15, 1969, returned an uncompleted Classification Questionnaire to the local board. Attached to this SSS Form 100 was a letter from defendant indicating that he felt he had no responsibilities to the Selective Service System. Defendant also returned his Registration Certificate to the board at that time. In his letter defendant indicated that he was not applying for conscientious objector classification. The record reveals that the board never sent Form 150 to defendant. On February 19, 1970, the local board interviewed defendant and classified him 1–A. The minutes of that meeting reflect that defendant restated the beliefs expressed in his letter of June 13.

It is undisputed that no appeal of this 1–A classification was taken. The testimony of defendant at trial established that he was aware of his right to appeal and that at the time in question he nei-

ther wished to appeal nor seek classification as a conscientious objector.

Defendant now contends that he was confused as to the requirements for classification as a conscientious objector. It is defendant's position that, solely on the basis of the contents of his letter of June 13, the board was under an obligation to dispel any misconceptions he may have had concerning options available to him even though he did not make these areas of misunderstanding known to the board. This is not the law.

A subjective misunderstanding of rights available under the Selective Service System does not result in a denial of due process nor constitute a defense to the criminal charge of failing to comply with an order of the local board. United States v. Powers, 413 F. 2d 834 (1st Cir. 1969), cert. denied, 396 U.S. 923, 90 S.Ct. 256, 24 L.Ed.2d 205 (1969).[1] Defendant's letter, which he submitted in lieu of completing SSS Form 100, rather than in any way indicating to the board that he wished to make application for classification as a conscientious objector, clearly indicated that defendant did not wish to make such application.[2] During cross examination defendant testified that he did return the uncompleted form, did not

wish to make application for conscientious objector classification, did subsequent to his classification as 1–A receive the orders to report for his physical examination and induction and did knowingly and willfully refuse to obey these orders.

There was no legal justification for defendant's actions. Rather than seeking the classification to which he might have been entitled, he chose a course of non-cooperation with the Selective Service System. He must now accept the results which stemmed from his actions. Although while testifying defendant showed great sincerity concerning his beliefs, he also impressed the court as an intelligent adult who fully understood the nature and consequences of his actions at the time he acted.

The court finds defendant guilty as charged in the indictment. It is ordered that the case be referred to the probation office for presentence investigation with defendant to be notified later of the date of sentencing and continued on his present bond to that date. This memorandum is intended to constitute the findings required by Rule 23(c) of the Federal Rules of Criminal Procedure.

1. Defendant acknowledges that printed on the form attached to Form 2 (Registration Certificate) which he returned with his uncompleted Form 100, was the statement, "Should you have any questions, you may telephone, write to, or visit your local board, or any other selective service local board." When presented the opportunity to do so at the interview on February 19, 1970, defendant did not inquire about the requirements for qualification as a conscientious objector but chose to affirm his position of non-cooperation. Defendant at no other time sought to contact his local board concerning the requirements for classification as a conscientious objector.

2. 32 C.F.R. § 1621.11 provides, "The local board, upon request, shall furnish to any person claiming to be a conscientious objector a copy of such Special Form for Conscientious Objector (SSS Form No. 150)." This section has been interpreted as requiring the board to supply a registrant with Form 150 no matter how cryptically the registrant manifests his request for consideration as a conscientious objector so long as the registrant expresses some thoughts which might be construed as falling within the purview of a request for consideration as a conscientious objector, See e. g., United States v. Turner, 421 F.2d 1251 (3d Cir. 1970) ; United States v. Bowen, 414 F.2d 1268 (3d Cir. 1969) ; United States v. Bowser, 327 F.Supp. 755 (E.D. Pa.1971) ; United States v. Moyer, 307 F.Supp. 613 (S.D.N.Y.1969). But the regulation does not require the board to supply Form 150 to a registrant where, as here, the registrant indicates clearly he does not wish to be considered for classification as a conscientious objector.