**UNITED STATES of America,**
**Appellee,**

v.

**Lisandro Patricio THORPE,**
**Appellant.**

**No. 105, Docket 73–1413.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 13, 1973.

Decided Oct. 2, 1973.

Thomas R. Maher, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E. D. N. Y., and L. Kevin Sheridan, Asst. U. S. Atty., on the brief), for appellee.

Alfred Lawrence Toombs, New York City, for appellant.

Before LUMBARD, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM.

Lisandro Patricio Thorpe appeals from his conviction for failing to report for induction into the Armed Forces in violation of 50 U.S.C. App. § 462(a) (1970), entered on December 15, 1972, after a trial without a jury before Judge Judd in the Eastern District of New York. Thorpe claims that the conviction should be set aside because the Local Board erroneously classified him I–A. We reject this contention and affirm the conviction.

Thorpe registered with Local Board No. 48 of Brooklyn, New York, in March 1966. With one brief exception, appellant was deferred as a high school student or as a college student at Parsons College, Fairfield, Iowa, until November 1970. On October 30, 1970, Thorpe sent the Local Board a letter on the stationery of the New Melleray Abbey of Dubuque, Iowa, which stated in relevant part:

At the present time I am not enrolled at Parsons College because: I attended summer school and feel the need for rest and reflection, general finances and most importantly because of my intentions to enter the Catholic priesthood. The decision to enter the priesthood was made after serious consideration of what my [commitment] should be to the Judaic-Christian message and its import to the world that we must both live and grow in. In any case, I am in correspondence with the Paulist Fathers and in [consultation] with Father John Simmons (St. Mary's Church, Fairfield, Iowa) and Sister Mary-Catherine (Sisters of Loretto, Fairfield, Iowa) and on spiritual retreat at the New Melleray Abbey (the Trappist Order) with Father Matthias, my Retreat Master.

In view of the aforementioned, I request the [initiation] of proceedings towards granting a IV–D classification. I likewise request the granting of some sort of deferment for the Fall of 1970 until Spring entrance into the seminary.

The Local Board received this letter on November 13, 1970, and on November 17 it classified him I–A. On November 18 notice of the classification was mailed to Thorpe on Selective Service Form 110. Thorpe neither requested a personal appearance before the Local Board nor appealed the decision, although Form 110 informed of these rights.

On November 19, the Local Board mailed Thorpe a notice ordering him to appear at Fort Hamilton in Brooklyn for a preinduction physical examination on December 18, 1970. At Thorpe's request the place for reporting for the physical examination was transferred to Fairfield, Iowa. He failed to appear, as ordered, for the physical examination on February 16, 1971. On March 5, 1971, Thorpe was ordered to report for induction at Fort Hamilton on March 29. He once again failed to appear.

On June 28, 1972, Thorpe was indicted in two counts for failing to perform duties required by the Military Selective Service Act. The first count charged him with failing to report for induction; the second with failing to report for the physical examination. On December 15, 1972, after a one day trial, Judge Judd found Thorpe guilty of the first count and dismissed the second count for lack of venue. On March 12, 1973, Thorpe was placed on probation for two and a half years, on the condition that he spend two years in civilian service that is satisfactory to the Selective Service System.

The then existing statutory provision, section 6(g) of the Military Selective Service Act of 1967, 81 Stat. 100, (codified at 50 U.S.C. App. § 456(g) (1970)),[1] provided an exemption from the draft but not from registration for

students preparing for the ministry under the direction of recognized

1. In 1971 the law was amended and the exemption for divinity students was changed to

a deferment. 50 U.S.C. App. § 456(g) (Supp. II 1972).

churches or religious organizations, who are satisfactorily pursuing full-time courses of instruction in recognized theological or divinity schools, or who are satisfactorily pursuing full-time courses of instruction leading to their entrance into recognized theological or divinity schools in which they have been preenrolled . . . .

In similar terms the regulations provided that anyone who met these conditions was to be classified IV–D. 32 C.F.R. § 1622.43(a) (1970), reprinted in 4 Sel.Serv.L.Rep. 2088. Paragraph 4 of Local Board Memorandum No. 56, issued on August 18, 1954 and reprinted at 4 Sel.Serv.L.Rep. 2179, further provided that the local board must require that a registrant substantiate a claim that he is a pretheological student by furnishing evidence that clearly establishes to the local board's satisfaction that he meets the statutory requirements.

■ Appellant argues that the conviction must be reversed because the letter entitled him prima facie to a IV–D classification. We reject this contention. The letter does not show that Thorpe was either pre-enrolled in a divinity school or a full-time student. The letter shows that Thorpe was in correspondence with the Paulist Fathers and planned to enter a seminary, but it gives no indication what seminary he planned to enter and falls far short of alleging that he was pre-enrolled anywhere. Thorpe was not a full-time student, but was at a retreat, in part because of a need for rest after going to summer school. The letter negates two necessary conditions for a IV–D and does not establish a prima facie entitlement.

■ Appellant argues that regardless of whether a prima facie case was established, Local Board Memorandum No. 56 imposed a duty on Local Board No. 48 to investigate further Thorpe's claims to a IV–D. It is claimed that by requesting more information the Board would have learned that Thorpe deserved a IV–D or alerted him about any deficiencies in his claim. We cannot read the Local Board Memorandum in this fashion. The Memorandum orders local boards to require that registrants clearly substantiate their claims to IV–D. Neither it nor the cases appellant cites (e. g., United States v. Galluppi, 344 F. Supp. 1015 (E.D.Pa.1972)) require local boards to make further investigation when the registrant supplies information that fails to show he might be entitled to the requested classification.

■ Finally, appellant would have us read the letter as a request for a specific exemption or for information. As to the former, he claims that the Board should have sent forms allowing him to present his case, and as to the latter, that the Board should have informed him of the requirements of a IV–D. The letter indicates that Thorpe knew he was not entitled to an exemption as a theological student at that time. He requested "some sort of deferment" in the meantime. His letter clearly indicated that he was not entitled to an exemption as a pretheological student. We do not believe that the Board was obliged to send Thorpe a form for requesting a IV–D when he did not ask for the form and the letter failed to show that he might be entitled to the classification. Cases cited by Thorpe wherein classifications were set aside when requests for forms were denied or when the clerk did not bring the request to the attention of the local board are not in point.[2] See Boswell v. United States, 390 F.2d 181 (9 Cir. 1968); United States v. Reeves, 325 F.Supp. 179 (M.D.Fla.1971). While it might be argued that the letter could

---

2. Appellant makes much of the fact that nothing in appellant's draft record indicated that the members of the Local Board had actually read his letter. He claims that the clerk may have told them only that he had left school and not told them of his plans to enter the priesthood. Nothing indicates this is what happened. In the absence of evidence we must presume that the Local Board acted in accord with regular procedures. See, e. g., United States v. Isenring, 419 F.2d 975 (7 Cir. 1969), cert. denied, 397 U.S. 1024, 90 S.Ct. 1260, 25 L.Ed.2d 533 (1970).

be read as asking whether Thorpe could get a deferment or an exemption in his situation, the reclassification to I–A was an effective, if less than polite, reply to the question. On this record we cannot say that the advice that no deferment was available was inaccurate. Thus this case is not like those in which local boards or their clerks furnished inaccurate information. See, e. g., United States v. Jacques, 463 F.2d 653, 658 (1 Cir. 1972); United States v. Wilson, 345 F.Supp. 894 (S.D.N.Y.1972).[3]

Affirmed.

---

3. Since we decide that Thorpe's claims lack merit, we do not have to determine the validity of the Government's argument that the claims were barred by a failure to exhaust administrative remedies. See McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971).