**UNITED STATES of America,
Plaintiff,**

v.

**Eugene Stewart NEWMAN, Defendant.
Crim. No. 2658.**

United States District Court
C. D. California.
March 26, 1969.

Wm. Matthew Byrne, Jr., U. S. Atty., and Robert L. Brosio and Theodore E. Orliss, Asst. U. S. Attys., Los Angeles, Cal., for the Government.

J. B. Tietz, Los Angeles, Cal., for defendant.

MEMORANDUM AND DECISION FINDING DEFENDANT GUILTY AS CHARGED. [50 ·U.S.C. App. 462.]

CRARY, District Judge.

Trial of the above entitled case was had by Court without a jury on February 28, 1969. Following oral argument, the case was continued to March 24, 1969, for further proceedings and the parties were authorized to file additional points and authorities in support of their respective positions.

Defendant waived appearance at the further proceedings held on March 24th and, at the conclusion thereof, the Court took the matter under submission and now files its written decision.

Defendant was indicted for knowingly failing and refusing to be inducted into the Armed Forces of the United States, as more particularly set forth in the Indictment filed October 2, 1968. He registered on December 2, 1959, and following a period during which he was classified 2–S, the Board, on May 11, 1967, changed his classification to 1–A. Thereafter, he made a personal appearance before the Board and appealed the 1–A classification. On July 28, 1967, the 1–A classification was sustained by the Appeal Board and on July 31, 1967, defendant was ordered to report for induction on August 16, 1967. On August 15th, defendant requested conscientious objector Form No. 150, which was completed and returned to the Board by him on September 1, 1967. By letter dated August 17, 1967, the Board transmitted to defendant Selective Service System Form 264, whereby defendant was notified by the Board that "By authority of the State Directory under Section 1632.2 (a) * * *" his order to report for induction on August 16, 1967, was postponed *"until further notice"*. [Emphasis added.] The letter also advised the defendant that his induction date had been postponed " * * * pending the Board's review of new evidence." The new evidence was the Form 150 filed by the defendant with the Board on August 16, 1967. Section 1632.2(a) of Title 32, Code of Federal Regulations, allows the Board to authorize two postponements of induction, each for a period of 60 days. On page 12 of Exhibit 1 in the case at bar, defendant's Selective Service file, it is noted under "Minutes of Action" entered August 16, 1967, "Induction postponed 30 days".

The Board reviewed the conscientious objector claim of defendant, decided not to reopen the case, and on October 18, 1967, ordered the defendant to report for induction on November 8, 1967.

Defendant asserts that under the rule set forth in Hamilton v. Commanding Officer, Armed Forces Examining and Induction Station, 328 F.2d 799 (9 C.A. 1964), the postponement of his induc-tion "until further notice" constituted a cancellation of his order for induction and that, therefore, the filing of his claim as to being a conscientious objector was before he was ordered to report for induction and it follows that the Board was required to reopen his classification, with attendant rights in defendant to seek a personal appearance before the Board and to appeal any order of the Local Board denying such claim.

Although this is a criminal case, the Court writes this opinion to focus on the major issue here involved, to wit, whether the postponement of a date to report for induction, *until further notice*, constitutes, in all circumstances, a cancellation of the induction order.

Referring to the Hamilton case, supra, it will be noted that the defendant there was, on February 25, 1963, ordered to report for induction on March 14, 1963. On March 6, 1963, induction was postponed "until further notice", "To extend appeal rights to registrant" and enable the claimant to submit additional information on dependency. (Pages 100–102, Selective Service record in the Hamilton case, hereafter referred to as H.R.) There was no mention of the period of postponement in the Hamilton case under "Minutes of Action". (14, H.R.) By letter of June 27, 1963, Hamilton was ordered to report for induction on July 8, 1963. (144, H.R.) This letter also advised Hamilton that under date of May 20, 1963, the Board had mailed him an order to report for induction on June 11, 1963, which order was thereby cancelled. The order of May 20, 1963, appears on page 143 of the Hamilton record.

The Court of Appeals in the Hamilton case held that the postponement "until further notice" cancelled the induction order, stating:

"But in our view the board did subsequently cancel its order to report by its postponement on March 6, 1963, 'until further notice' of induction. Thus, after March 6, he was entitled to submit any proof of change of cir-

cumstance since his last classification of February 6, 1963."

In affirming Hamilton's conviction, the Court of Appeals goes on to say:

"But the trouble is that the material submitted after February 6, 1963, just does not show any change for the worse after that date. Neither does it indicate the condition of the mother on February 6, 1963, was any worse than he had previously described it. We assume the Board had a duty to examine whatever Hamilton sent in as papers. The record indicates the board did. They found no new change in circumstances requiring a reopening." [Page 802.]

It is to be noted that in the Hamilton case the postponement was actually for a period of five months and fifteen days, or a total of 168 days, whereas in the case at bar the postponement was for 84 days, less than the total of 120 days postponement authorized by the Local Board under the provisions of 32 C.F.R. § 1632.2(a).

In the case of Wolfe v. United States, 370 F.2d 388 (9 C.A.1966), decided two years after *Hamilton,* supra, the defendant Wolfe registered on May 23, 1960. On June 18, 1963, he was classified 1–A. After a change in classification to 2–S for a period of time he was again classified 1–A on February 11, 1965. On June 30, 1965, he was ordered to report for induction on July 27, 1965. Pursuant to his request of July 6th the Board sent him a Form 150 (conscientious objector) on July 12, 1965. The completed Form 150 was returned to the Board on July 26th and on that date the Board ordered postponement of his induction "until further notice" in order that it might consider the said conscientious objector claim. The Board, on August 6, 1965, after granting Wolfe a hearing, decided not to reopen his classification and so advised him. On August 10, 1965, the California headquarters of the Selective Service System advised the Board " * * * that the postponement of his scheduled induction should be withdrawn and a new reporting date should be es-

tablished allowing appellant ten days within which to report." (Page 393.)

By letter of August 12, 1965, the Local Board notified Wolfe that the postponement of his induction was terminated and ordered him to report for induction on August 24, 1965. Wolfe urged that the Board abused its discretion in not reopening his classification but the Court held there was no such abuse of discretion by the Board, citing 32 C.F.R. §§ 1625.2, 1625.4 and 1641.2(b). (Page 394.) The judgment of conviction of defendant Wolfe was affirmed. The *Hamilton* case, supra, was not cited in the *Wolfe* opinion but it is reasonable to conclude that the postponement "until further notice" of an induction order would not in *all circumstances* constitute a cancellation of that order. The terminology of the postponement does not indicate cancellation and if the date subsequently fixed for induction is within the period authorized by the Local Board then it would be reasonable to conclude no cancellation should follow. This, in fact, was the ruling in the Wolfe case.

■ The postponement of defendant Newman's induction was obviously for his sole benefit. It was not for a period beyond the 120 days authorized to the Local Board by the Regulations and the postponement specified, as noted above, that it was granted by authority of the State Director under Section 1632.2(a) of the Regulations. (Ex. 1, pg. 89.)

The Court of Appeals, this Circuit, in the case of Welsh v. United States, 404 F.2d 1078, states, at page 1085 of its opinion:

"The rule is well established that 'procedural irregularities or omissions which do not result in prejudice to the registrant are to be disregarded.' Knox v. United States, 200 F.2d 398, 401 (9th Cir. 1952)."

If the postponement in the instant case, "until further notice" rather than to a date certain, be considered a procedural irregularity on the part of the Local Board, it might well be concluded

that such irregularity did not result in prejudice to the defendant since the entire period of postponement was for his benefit, to wit, to consider his claim to being a conscientious objector.

The Government urges that the defendant, if acquitted, would not be subject to further processing under the Selective Service Act and that the acquittal of defendant herein would result in nationwide forum shopping by Selective Service defendants. These points are not deemed by this Court to be properly considered in the determination of the guilt or innocence of defendant Newman. However, considering all of the pertinent facts and circumstances, the Court concludes this case is to be distinguished from the *Hamilton* case and that because of the difference in the facts involved in the two cases, the cancellation of the induction order in the *Hamilton* case does not require this Court to hold the induction order was cancelled in the case at bar.

If the Court of Appeals intends by the *Hamilton* decision that postponement of an induction order "until further notice" is to be deemed a cancellation of such order in all circumstances, then it is believed that the issue should be clarified so the Selective Service Boards may govern their actions accordingly.

The Court concludes that the conscientious objector claim of defendant (Form 150) discloses a *basis in fact* for the denial by the Board of the reopening of defendant's 1–A classification. In the circumstances in this case the burden is on the claimant to establish his change of status to conscientious objector and that his beliefs in that regard crystallized after the Board mailed to him the order for induction. It does *not appear from the file (Exhibit 1) in* the case that the defendant met his burden. 32 C.F.R. 1625.2; Oshatz v. United States, 404 F.2d 9, 11 (9 C.A.1968); and Dugdale v. United States, 389 F.2d 482 (9 C.A.1968).

The Court finds the defendant guilty as charged.