**Danny Roy SHOEMAKER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22912.**

United States Court of Appeals
Ninth Circuit.

May 22, 1969.

Rehearing Denied June 12, 1969.

Certiorari Denied Oct. 13, 1969.
See 90 S.Ct. 98.

J. B. Tietz (argued), Los Angeles, Cal.,
for appellant.

Edward Wallin (argued), Asst. U. S.
Atty., Wm. Matthew Byrne, Jr., U. S.
Atty., Robert L. Brosio, Asst. U. S. Atty.,
Crim. Division, Los Angeles, Cal., for
appellee.

Before BARNES, HAMLEY and CARTER, Circuit Judges.

HAMLEY, Circuit Judge:

Danny Roy Shoemaker, classified in the selective service system as I–O, failed to report to assigned civilian work as ordered by his local draft board. He was indicted for knowingly failing to perform a duty in violation of Section 12(a) of the Universal Military Training and Service Act (Act), 62 Stat. 622 (1948), 50 U.S.C. App. § 462(a) (1964). Following a non-jury trial he was convicted and given a three year sentence under 18 U.S.C. § 4208(a) (2) (1964). This appeal followed.

■ Shoemaker argues that he should have been acquitted because he presented a prima facie case for a IV–D ministerial classification and he asserts that no evidence whatsoever appears to rebut the claim. Under a IV–D classification a registrant, as in the case of a I–O classification, is exempt from induction. But one classified IV–D, unlike a I–O registrant, is not subject to a board order requiring him to engage in selected civilian employment for any period of time. See section 6(g) of the Act, 62 Stat. 611, 50 U.S.C. App. § 456(g) (1964); Daniels v. United States, 9 Cir., 372 F.2d 407, 409, note 2.

■ Shoemaker did not defend in the trial court on the ground that he was entitled to a IV–D classification. In the absence of plain error, points not raised in the trial court will not be considered on appeal. Yeater v. United States, 9 Cir., 397 F.2d 975.

In our opinion there was neither plain error within the meaning of Rule 52(b), Federal Rules of Criminal Procedure, nor was there error of any kind with respect to this IV–D contention.

■ Examination of Shoemaker's selective service file establishes that he requested a I–O classification, and that is what he received. He did not seek a IV–D classification, indicating at most that he hoped to qualify for such a classification at a later time. He was advised by the local board, in effect, that if and when he expanded his ministerial activity to such an extent that he was entitled to a IV–D classification, he should present evidence thereof to the board. Shoemaker submitted no additional evidence of this kind and did not, formally or informally, request a reopening of his classification after the appeal board classified him I–O.

■ Apart from Shoemaker's failure to seek a IV–D classification from the agency, there is, in any event, a basis in fact for his I–O classification as distinguished from a IV–D classification.[1] Shoemaker would not have been entitled to a IV–D classification unless the ministry was his vocation. See Langhorne v. United States, 9 Cir., 394 F.2d 129. Shoemaker did not assert that he worked more than about ten hours a week in furtherance of his ministerial duties. He therefore failed to establish that the ministry was his vocation. See Daniels v. United States, 9 Cir., 404 F.2d 1049, 1050–1051.

Shoemaker also contends that he should have been acquitted because, when he was ordered to perform civilian work, he was not given or offered a final physical inspection.

Shoemaker did take the regular preinduction physical examination required of all registrants, and was found physically acceptable. Selective service regulations do not require that registrants classified I–O, as distinguished from registrants classified I–A or I–A–O, be subject to a final physical inspection before being ordered to report for civilian work. Briggs v. United States, 9 Cir., 397 F.2d 370, relied upon by Shoemaker on this branch of the case, pertains to I–A registrants, and is therefore distinguishable.

■ The regulations require fair and equal treatment of all those subject to the

1. A selective service classification may not be overturned for lack of evidentiary support if there is a basis in fact for the classification. Witmer v. United States, 348 U.S. 375, 381, 383, 75 S.Ct. 392, 99 L.Ed. 428.

Act. See section 1(c) of the Act, 62 Stat. 605 (1948), 50 U.S.C. App. § 451(c) (1964), and 32 C.F.R. § 1622.1. But there is a rational basis for exempting those classified I–O from the provision for a final physical inspection. Unlike those classified I–A and I–A–O, there is no possibility that registrants classified I–O will be subject to the rigors of military life in a combat zone. In view of this rational basis for exempting I–O registrants from final physical inspections, it cannot be said that Shoemaker was not accorded fair and equal treatment.

Affirmed.