**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesus Gabriel MARTINEZ, Defendant-
Appellant.**

No. 24647.

United States Court of Appeals,
Ninth Circuit.

June 9, 1970.

David M. Rothman (argued), Los Angeles, Cal., for appellant.

David Fox (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robt. L. Brosio, Chief, Criminal Division, Darrell W. MacIntyre, Asst. U. S. Atty., for appellee.

Before DUNIWAY, KILKENNY and TRASK, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant was convicted in a non-jury trial of a violation of 50 U.S.C. App. § 462, failure to report for induction into the Armed Services. He appeals. We affirm.

In 1966, appellant registered with his local board and was classified I-S-H, a high school deferment. In October, 1967, he was reclassified I-A. After mailing of the I-A notice of classification, the board received a letter from an educational institution informing the board that appellant was enrolled as a student and scheduled to graduate in January,

1968. In November, 1967, the board considered the letter and decided not to reopen. Later in November, the board mailed to appellant Form C-140, notifying him that the facts presented did not warrant a reopening of his classification and informing that his induction would be postponed if he provided proof that he was a full-time student. No such proof was forthcoming and on December 19th, he was ordered to report for a physical examination. On January 5th, the board, at appellant's request, postponed his physical examination until February. Later, appellant was ordered to report for his physical on February 15th. On that date, the appellant reported as ordered, was found fully acceptable for induction into the Armed Forces, and he was so notified. On March 19th, he was ordered to report for induction on April 9th. On March 29th, the board postponed the appellant's induction until May 9th and so notified appellant. The board, on March 29th, received a notice from the U. S. Air Force Recruiting Office that appellant had applied for enlistment in the Air Force. On April 9th, appellant requested and received a special form for conscientious objectors, Form 150, which he filled out and filed on April 19th.

The board met on May 10th, considered appellant's Form 150, and decided there had not been a change in status resulting from circumstances over which appellant had no control and, therefore, did not reopen appellant's case. He was notified of this decision on May 15th. On the following day, he was ordered to report for induction on June 4th. The day following, the board received a request from appellant for an appearance before the state appeal agent and before the full board. Later, on May 21st, he was notified that his induction had been postponed "until further notice".

Appellant, on June 11, 1968, appeared for an interview with the board. It decided not to reopen his classification. On June 18, 1968, he was given a new reporting date for induction on Form C-190. This form refers to the original order of March 19, 1968, and notes that the induction date was temporarily postponed and fixes the new reporting date for July 2, 1968. He failed to report on that date. On October 21st, the board mailed to appellant Form C-190-A reminding him of his continuing duty to report for induction and directing that he report for induction on October 24, 1968, at the Armed Forces Induction Station in Los Angeles. The indictment, on which he was convicted, followed his failure to report.

■ (1) Appellant complains of the failure of the board to record the vote of the members of the board on his reclassification to I-A. Moreover, he says that the "I-A" was typed in between two lines and suggests that this recording must have been an afterthought. We find nothing in the statute, nor in the regulations, which requires the board to record its vote. 32 C.F.R. § 1623.4(d) requires the board to record the classification, but says nothing about a register of the vote. It does appear that the "I-A" classification was typed in between two other entries. However, the entire record was received in evidence without objection. The record is presumed to be authentic. The mere fact that this entry may have been placed between two others does not, of itself, destroy its effect. Appellant concedes he received notice of the I-A classification.

Be that as it may, appellant has shown no prejudice. In these circumstances, a procedural irregularity is not a valid defense. Oshatz v. United States, 404 F.2d 9 (9th Cir. 1968); United States v. Cralle, 415 F.2d 1065, 1067 (9th Cir. 1969). The record demonstrates that the board was quite solicitous of appellant's welfare. On November 7, 1967, it postponed his induction until he completed a course in school. On January 5, 1968, his physical examination was postponed at his request. On April 29th, his induction was again postponed for 30 days. On May 10th, the board again reviewed the appellant's classification and on June 12th, after granting appellant

a personal interview, refused to reopen the classification.

■■ On the issue of prejudice, appellant argues that he was eligible for a II-S classification at the time he was classified I-A and that the board should have selected the former, rather than the latter. First of all, we note that appellant had the burden of keeping the board informed as to his actual activities. 32 C.F.R. § 1622.25(d). Second, the material provided by appellant on his information questionnaire was wholly insufficient to serve as a basis for a II-S deferment. Clearly, there was a basis in fact for the I-A classification. Bergman v. United States, 420 F.2d 681 (9th Cir. 1969); United States v. Milliken, 416 F.2d 676 (9th Cir. 1969); Shoemaker v. United States, 413 F.2d 274 (9th Cir. 1969); Petrie v. United States, 407 F.2d 267 (9th Cir. 1969).

■ (2) Citing Hamilton v. Commanding Officer, Armed Forces Exam. & I. Sta., 328 F.2d 799, 802 (9th Cir. 1964), appellant claims that the postponement on May 21st of his induction "until further notice" amounted to a cancellation of the previous induction order. Such being the case, appellant argues, he is entitled to a hearing on his Form 150 conscientious objector claim. In Hamilton, the postponement was for a period of 168 days, far in excess of the 120 days postponement authorized by the board under the provisions of 32 C.F.R. § 1632.-2(a). Although Hamilton is not cited, this distinction is recognized in Parrott v. United States, 370 F.2d 388 (9th Cir. 1966), where the postponement involved was for a period of 17 days. Here, only a period of 28 days elapsed between the May 21st postponement and June 18th, when the board again notified appellant to report for induction, far less than the total of 120 days postponement authorized by the local board under the provisions of 32 C.F.R. § 1632.2(a). We do not believe that Hamilton stands for the proposition that a postponement of an induction order "until further notice" amounts, on these facts, to a cancellation of the previous induction order. This case, in our opinion, is controlled by Parrott, rather than Hamilton. In support, see United States v. Newman, 297 F.Supp. 678 (C.D.Cal.1969).

During the course of the arguments, White v. United States, 422 F.2d 1254 (9th Cir., March 4, 1970), was discussed by the members of the court and counsel. In White, the language of the subsequent letter order was construed to cancel and supersede the original order under which another indictment had been returned. The decision in White must be strictly confined to its peculiar facts. In our factual background, we hold that the subsequent notices to report for induction did not cancel nor devitalize the original order to report. See Vasilj v. United States, 425 F.2d 1134 (9th Cir., April 30, 1970) and United States v. Evans, 425 F.2d 302 (9th Cir., April 30, 1970). Consequently, we conclude that appellant was under a continuous duty to report for induction under the original order of March 19, 1968.

■ Neither the information in the 150 Form, nor appellant's testimony in the hearing before the local board, would bring him within the doctrine expounded in the dissenting opinion, Ehlert v. United States, 422 F.2d 332, 338 (9th Cir. 1970), cert. granted May 4, 1970, 397 U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808. The record is completely devoid of anything which would indicate that there was a change in appellant's thinking, belief or philosophy or that he had a "crystallization" of views, on or after he received his notice to report for induction. In response to the pertinent question in the 150 Form,[1] the appellant answered, "The Roman Catholic Bible." In the hearing before the board, appel-

---

1. "No. 3. Explain how, when, and from whom and from what source you received the training and acquired the belief which is the basis of your claim made in Series I above."

lant made it patently clear that he filed the 150 Form in order to secure additional time in which to enlist in the Air Force.[2] In that hearing, he requested a 60-day postponement, so that he might arrange for his enlistment. The views, as expressed by the *Ehlert* minority, are of no help to appellant.

Affirmed.

2. " * * * the registrant stated that in the Air Force he could get four years in data processing whereas in the Army he could be a cook for the two years. The Air Force, he believes, offered a better chance for him. He stated that all the Army could offer was three years in administrative work, nothing definate [sic] though. On the basis of what a friend told him, he believes he will be enlisted in September."

* * * * *

"He stated that he passed the Air Force physical and was ready to enlist even before he had gone for his pre-induction physical, that he only wants his 60-day postponement and will go into the Army at the end of that time if the Air Force hasn't enlisted him." [Summary of interview with local board, p. 60, Exhibit A.]