**UNITED STATES of America ex rel. Alan Kent CRANE, Petitioner,**

v.

**Melvin R. LAIRD, Secretary of Defense of the United States, Stanley S. Resor, Secretary of the Army of the United States, Colonel Ellis Fuller, Commanding Officer, Oakland Army Base, and Captain Orval Stewart, Superintendent of the City-County Jail in Eugene, Oregon, Respondents.**

Civ. 70–336.

United States District Court,
D. Oregon.

Aug. 5, 1970.

Charles O. Porter, Eugene, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Norman Sepenuk, Asst. U. S. Atty., Portland, Or., for respondents.

## OPINION

ALFRED T. GOODWIN, District Judge:

Crane, an Army enlisted man absent without leave, surrendered to civilian police in Eugene, Oregon, and immediately brought habeas corpus to test the constitutionality of Army Regulation 635–20.

As revised March 6, 1970, the Regulation provides in material part:

"6. Assignment. *a.* * * * An individual who has departed his unit of assignment in compliance with reassignment orders may not make application for discharge as a conscientious objector until he arrives at his new permanent duty station. The foregoing does not apply to individuals who are TDY enroute on reassignment orders for period in excess of eight weeks."

Crane fits within the terms of the regulation. At the time he first claimed to be a conscientious objector, he had departed one duty station (Fort Leonard Wood) in compliance with reassignment orders to another (VietNam, via the U. S.A. Replacement Station, Oakland Army Base).

Crane's "delay en route" leave at home in Eugene expired May 1, 1970. Instead of reporting to the Oakland Army Base in accordance with his orders, however, he remained in Eugene. On May 25, 1970, he applied for discharge as a conscientious objector and commenced these proceedings.

Crane now demands action upon his discharge application before he reports to his duty station or submits to military control. The Army refuses, under the quoted regulation, to act upon his application until Crane arrives at his assigned duty station.

The government has moved to dismiss Crane's petition for want of jurisdiction and for failure to state a claim.

██ The court has jurisdiction. Crane is in custody within the meaning of 28 U.S.C. § 2241(c) (1), (2), and (3), and he is within this district. Crane v. Hedrick, 284 F.Supp. 250 (N.D.Cal. 1968).

██ Crane claims AR 635–20 was invalidly revised and should be declared void. This claim is not sustained by the facts.

Prior to revision, AR 635–20, paras. 6(a) and (b), provided that qualified persons in overseas-replacement stations could be "transferred to the Army garrison command at that or another appropriate installation to await final action" on applications for discharge. The revised portion of AR 635–20, quoted *supra*, eliminated this option for persons under travel orders.

AR 310–3, paras. 3–13, requires that each Army regulation and change "have an effective date which will be shown in the heading." The purpose of AR 310–3, paras. 3–13, is "to provide a uniform date to begin using the regulation."

An Army telegram announcing the revision of AR 635–20 was sent to military installations throughout the United States on March 6, 1970. The telegram contained in its heading no statement of an effective date. Crane claims the revision is therefore invalid.

Crane does not say he was prejudiced by the failure of the telegram to carry a formal notice of its effective date. He could not have been. The change in the regulation had been in effect 53 days before Crane decided to apply for discharge, and 75 days before he actually filed. Crane claims no reliance on the

old regulation. Since he can show no prejudice, the procedural irregularity, if any, in the adoption of the regulation will not help petitioner. United States v. Martinez, 427 F.2d 1358 (9th Cir. 1970); United States v. Cralle, 415 F.2d 1065 (9th Cir. 1969).

■ ■ Crane also contends that he has been denied due process of law because of inadequate notice of the change in the regulation. Here, the revision of a general regulation was published to all major commands. Crane could have learned of the revision's effect by inquiry. The revision is important, as Crane asserts. So is an Act of Congress. But actual notice to the "class" affected is not required.

■ Petitioner claims he has been denied equal protection of the laws because the regulation arbitrarily discriminates between conscientious-objector applicants and soldiers applying for discharge for other reasons.

I find no arbitrary discrimination or denial of equal protection. A soldier in transit applying for discharge on the ground of physical unfitness could have his application processed immediately without inconvenience to the Army. Only a physical examination would be necessary, and action would be based on facts that could be determined objectively on the spot.

A conscientious objector's application, on the other hand, would require a hearing with subjective testimony or statements and an examination of the applicant's personnel records. Such records for individuals in transit ordinarily are sent ahead to the new duty station. The opportunities for delay would be numerous and vexatious.

· Since I find that the Army had a rational basis for its revision of AR 635–20, there is no reason for this court to intervene. On the contrary, the court should presume that the regulation was a reasonable and fair way to deal with the Army's recurring problem of conscientious objections surfacing for the first time at the port of embarkation.

■ Crane also claims that the Army's revision of AR 635–20 denies him "effective counsel." His assumption is unwarranted. He is entitled to the assistance of a military lawyer. 10 U.S.C. §§ 827, 832. He does not maintain that such legal assistance is inadequate. At any hearing upon his application he will be able to produce statements or affidavits of individuals knowledgeable of his background and sincerity. The fact that such exhibits may have to be sent to VietNam presents no more substantial reason for attacking the fairness of the Army's procedure than would the necessity of sending such documents to Germany or Georgia.

Crane's due-process objections are answered by Kimball v. Commandant Twelfth Naval District, 423 F.2d 88 (9th Cir. 1970). In Kimball, this Circuit held that a serviceman has no "due process right" to apply for discharge at a certain place or to remain at any given place pending processing of an application.

Kimball was a Navy enlisted man who contended that he had been denied "administrative due process" by orders to VietNam pending determination of his application for a conscientious-objector discharge. Kimball's application was made September 29, 1969. He had been ordered to report for transportation to VietNam on October 7, 1969. In the absence of a Navy regulation comparable to AR 635–20, the court nonetheless denied Kimball relief, saying, "We reject appellant's suggestion that this is a violation of either due process or equal protection of the laws," 423 F.2d at 90, n. 1, and went on to say that "[a] claim of conscientious objection results only in the requirement that the claim be processed." 423 F.2d at 91.

■ Crane has asserted, without a foundation in fact, that his application will not be duly processed. This court will not presume that the Army will flout its own regulations. He will be given a full hearing in due course; and he may appeal to · the federal courts thereafter.

Finally, the revision of AR 635–20 is not inconsistent with that part of AR 635–20, para. 6(a), which provides that "[a]n individual who applies for discharge based on conscientious objection will be * * * assigned duties providing minimum practicable conflict with his asserted beliefs pending a final decision on his application."

As the court said in Hancock v. Laird, 415 F.2d 234 (9th Cir. 1969):

"* * * There is no reason to believe that if Hancock eventually renews his application, the appropriate command cannot, while the application is being processed, follow, if at all practicable, the desirable policy of sparing the applicant from duty which might do impermissible violence to the type of belief which he now claims to entertain * * *."

The petition is dismissed. The temporary restraining order heretofore issued is vacated.

This opinion shall constitute findings of fact and conclusions of law under Fed.R. Civ.P. 52(a).