**UNITED STATES of America,
Appellee,**

v.

**Richard Leslie WATSON, Appellant.**

**No. 20399.**

United States Court of Appeals,
Eighth Circuit.

May 11, 1971.

Rehearing Denied May 27, 1971.

As Modified June 1, 1971.

---

Louis Gilden, St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., Peter T. Straub, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, Mr. Justice CLARK,* and BRIGHT, Circuit Judge.

MATTHES, Chief Judge.

Appellant was tried before the court without a jury on July 10, 1969 and was found guilty of failing to comply with an order of the local Selective Service Board to report for and submit to induction in the armed forces on January 16, 1969, in violation of Section 462, Title 50, App., United States Code. The district court's opinion is reported at 314 F.Supp. 483 (E.D.Mo.1970).

In this in forma pauperis appeal, the issues presented are focused upon asserted invalid procedures by the local board. We affirm.

Appellant was classified I–A by his local board on March 8, 1967 and retained that classification at all times pertinent to this appeal. On August 7, 1968, an Order to Report for Induction (SSS Form 252) was placed in the mails order-

---

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by special designation.

ing appellant to report on September 20, 1968. A medical report, indicating that appellant's wife was expecting a baby in mid-December, 1968, was filed by appellant with the local board on September 17, 1968, at which time the clerk of the board informed appellant that it had been filed too late since his induction notice had already been mailed. On the same day appellant requested and received SSS Form 150 (conscientious objection).

On the morning of September 20, 1968, the appellant reported as ordered and submitted to the induction procedures up to the point of taking the symbolic step forward. That ceremony was to take place after the noon lunch hour. Appellant filed his SSS Form 150 with the board during the lunch period and then reported back to the induction center but refused to submit to induction. Following the usual procedure, he was removed from the ceremony room, informed of the penalties for refusing induction, and returned to the room where he again refused to step forward. He was then (apparently) permitted to leave the induction center.

After receiving appellant's claim of conscientious objection and notification of his refusal to submit to induction, the local board, pursuant to LBM 14, paragraph 9,[1] forwarded appellant's cover sheet to the State Director for review and a determination as to whether ap-

pellant should be reported to the United States Attorney for prosecution.

On October 9, 1968, the State Director wrote the local board stating that under the provisions of paragraph 9 he recommended to the local board that:

" * * * on the occasion of their next meeting they review and consider the information submitted by the registrant with respect to his claim of conscientious objection, and to thereafter reopen and consider the registrant's classification anew if at the time of the meeting it is determined that there has been a change in the registrant's circumstance over which he had no control and which would justify a change in the registrant's classification from Class I–A to Class I–O. The classification will not be reopened if it is the determination of the Board that the evidence would not justify the change in the registrant's classification; in this latter event it would then be appropriate to proceed with the submission of Delinquent Registrant Report, SSS Form 301.

"The following thought is offered as a possible assistance to the local board and/or the registrant; prior to the next regularly scheduled meeting, the Board might wish to call for the registrant to be available for an interview somewhat in the nature of the consideration mentioned in Paragraph 3(b) of LBM No. 41."[2] [Footnote added]

1. LBM 14 provides in ¶ 9:
"(a) Whenever a registrant who has claimed that he is a conscientious objector or a minister of religion and who has been ordered to report for induction fails to report for, or to submit to, induction, the local board shall forward the delinquent registrant's cover sheet to the State Director of Selective Service for review and a determination as to whether the registrant shall be reported to the United States Attorney for prosecution. Each cover sheet shall be accompanied by a memorandum or letter of transmittal indicating that it is being forwarded under the provisions of this memorandum.
(b) In such cases the local board shall not report the registrant to the United States Attorney on Delinquent Registrant Report (SSS Form 301) unless the State

Director of Selective Services determines that the registrant shall be reported for prosecution."

2. LBM 41(3) (b) provides:
"If, upon consideration of this evidence [all the evidence in the cover sheet which could support a conscientious objector claim], the local board determines that it cannot grant the I-A or I-O classification claimed, the local board should invite or request the registrant to meet with it for an interview prior to classification. The primary purpose of the interview will be to develop further facts on which the conscientious objector claim is based, and the sincerity of such claim. This interview does not take the place of the personal appearance which the registrant may request under Section 1624.1, after the classification action."

The United States Attorney, who had received a copy of the State Director's letter, wrote the Director on November 6, 1968, recommending that the induction of appellant be postponed, that he be given a courtesy hearing, and that the local board should decline to reopen appellant's classification if the board determined that appellant's views matured prior to the order to report for induction. The State Director then wrote the local board stating that it should pay attention to the United States Attorney's letter and use it as a guide in their consideration of the matter. Although copies of those letters were placed in his selective service file, copies were not sent to appellant.

The State Director, by letter of November 19, 1968, authorized the local board to postpone the induction until the matters in the United States Attorney's letter had been resolved. On November 20, a postponement SSS Form 264 was sent to appellant stating that his induction was postponed "until further notice." On the same date, the local board sent a letter inviting appellant to appear before it on December 11, 1968 at about 2:45 p. m.

Appellant appeared on that date. The record shows that he was informed that the meeting was only a courtesy hearing, that appellant was questioned as to when he first believed that he was a conscientious objector, that he stated it was in July of 1968 when he was introduced to the minister of the World Wide Church of God, and that the board decided not to reopen the classification. On December 20, appellant was notified by letter from the local board that the postponement was cancelled and that he was "reordered to report for induction on 16 January 1969."

Following denial of his request for a personal appearance, appellant reported for induction as ordered on January 16, and again refused to take the symbolic step forward. This prosecution was initiated by filing an indictment on March 20, 1969.

Before considering the contentions advanced by appellant we engage in a discussion of principles which are relevant to the questions presented.

 Decisions of local boards are final even though erroneous if they are made in conformity with the regulations. It is not for the courts to sit as super draft boards substituting their judgment on the weight of the evidence for that of the designated agencies. The scope of review is narrow, permitting the reviewing court to overturn a draft classification only if it has no basis in fact or if the local board's action has the effect of denying appellant basic procedural fairness. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Dickinson v. United States, 346 U.S. 389, 74 S.C. 152, 98 L.Ed. 132 (1953); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Vaughn v. United States, 404 F.2d 586 (8th Cir. 1968) vacated on other grounds, Morico v. United States, 399 U.S. 526, 90 S.Ct. 2230, 26 L.Ed.2d 776 (1970); United States v. Freeman, 388 F.2d 246 (7th Cir. 1967). Neither will the decisions of the local boards be disturbed in all cases where procedural error is found in the induction process. As this court stated in United States v. Chaudron, 425 F.2d 605, 608 (8th Cir.), cert. denied, 400 U.S. 852, 91 S.Ct. 93, 27 L.Ed.2d 89 (1970), "courts have divided the waters of procedural irregularity: Those causing substantial prejudice to flow to the registrant are deemed to mandate sustainment of his defense. * * * [but] [t]hose less murky and not rising to the level of substantial prejudice are allowed to trickle off harmlessly." See also Oshatz v. United States, 404 F.2d 9, 12 (9th Cir. 1968). The registrant asserting prejudice has the burden of proving it. United States v. Chaudron, supra; Fore v. United States, 395 F.2d 548, 554 (10th Cir. 1968).

## I. POSTPONEMENT

 Appellant contends that inasmuch as he reported for induction and

refused to submit or step forward on September 20, 1968, the force of the induction order was spent and the State Director was powerless to postpone induction, but was required to either turn the case over for prosecution or reopen the classification. From this premise the argument is made that appellant could not legally be prosecuted for failure to submit to induction on January 16, 1969. We disagree.

Appellant relies on 32 C.F.R. § 1632.-2(a) which in pertinent part provides:

" * * * the local board may, after the Order to Report for Induction (SSS Form No. 252) has been issued, postpone the time when such registrant shall so report for a period not to exceed 60 days from the date of such postponement, subject, however, to one further postponement for a period not to exceed 60 days; *And provided also,* That the Director of Selective Service or any State Director of Selective Service (as to registrants registered within his State) many, for a good cause, at any time prior to the issuance of an Order to Report for Induction (SSS Form No. 252) postpone the issuance of such order until such time as he may deem advisable, or the Director of Selective Service or *any State Director of Selective Service* (as to registrants registered in his State) *may, for good cause, at any time after the issuance of an Order to Report for Induction* (SSS Form No. 252), *postpone the induction of a registrant until such time as he may deem advisable * *.*" (Emphasis supplied)

The plain language of the regulation clearly does not support the appellant's contentions. We agree with the district court's observation that postponement subsequent to the event postponed may present a problem in semantic logic. 314 F.Supp. at 490. However, under the circumstances of this case, where the actions of the board were the result of appellant filing SSS Form 150 shortly before the completion of the induction process, we conclude the State Director was warranted under the powers granted by 32 C.F.R. § 1632.2(a) in issuing a postponement to permit consideration of the conscientious objector claim. The appellant has not demonstrated that he was prejudiced by this action of the State Director.

Appellant's position, that the postponement of induction after he had refused to submit makes invalid any subsequent postponement of induction or reordering to report for induction, is unique, but lacking in substance. Appellant does not contest that he could have been prosecuted for failure to submit to induction on September 20, 1968. The letter of December 20, above referred to, was clearly not another order to report for induction which, appellant claims, would work to cancel the first order and require consideration of his claim for reclassification. See White v. United States, 422 F.2d 1254 (9th Cir. 1970).

■ A postponement of induction does not render invalid the order to report for induction which has been issued to the registrant but operates only to postpone the reporting date and the registrant must report on the new date without having issued to him a new SSS Form 252. 32 C.F.R. § 1632.2(d). See also 32 C.F.R. § 1632.14, which provides in pertinent part:

" * * * If the time when the registrant is ordered to report for induction is postponed, it shall be the continuing duty of the registrant to report for induction upon the termination of such postponement and he shall report for induction at such time and place as may be fixed by the local board * * "

Appellant also claims that the "postponement until further notice" was an improper postponement and cancelled the order to report for induction mailed on August 8, 1968, and therefore he should be permitted to submit all information evincing a change in status. Reliance is placed upon Hamilton v. Commanding Officer, 328 F.2d 799 (9th Cir. 1964) and United States v. Johnson, 314 F.Supp. 88 (D.N.H.1970) as support

for his contention. The latter case, *Johnson*, is clearly distinguishable in that the postponement worked as a reclassification detrimental to the registrant. The *Hamilton* case involved a registrant classified I–A who received a postponement of induction after the order to report for induction had been sent. The postponement lasted in excess of the 120 days authorized by 32 C.F.R. § 1632.-2(a). The court in *Hamilton* held that the postponement "until further notice" cancelled the prior order to report. However, the same court held in the later case of United States v. Martinez, 427 F.2d 1358, 1360 (9th Cir. 1970), cert. denied, 400 U.S. 879, 91 S.Ct. 122, 27 L.Ed.2d 117, "We do not believe that *Hamilton* stands for the proposition that a postponement of an induction order 'until further notice' amounts, on these facts, to a cancellation of the previous induction order." As in this case, the postponement in *Martinez* did not exceed 120 days. The court therefore found itself controlled by Parrott v. United States, 370 F.2d 388 (9th Cir. 1966) in which the "distinction is recognized" that if the postponement does not exceed 120 days a postponement "until further notice" does not cancel the order to report for induction. See also United States v. Newman, 297 F.Supp. 678 (C.D.Cal. 1969).

■ Since the postponement in this case did not exceed the 120 days limitation and since appellant has not shown that he was prejudiced by the postponement, we hold against him on this issue.

We are mindful of our recent decisions in Liese v. Local Board No. 102, 440 F.2d 645 (8th Cir. 1971) and Zerillo v. Local Board No. 102, 440 F.2d 136 (8th Cir. 1971). *Liese* has vital distinguishing features in that Form 264 was never mailed to the registrant and he did not receive any written notice. Here, appellant received written notice on the appropriate form. We do not regard *Liese* as controlling. On the other hand, *Zerillo*, decided by the same panel which considered *Liese*, has factual

resemblances to our case. It is interesting to note that in *Zerillo* our court stated, "[h]ence, it seems clear that a valid postponement does not cancel an outstanding order to report and that a continuing duty to report upon the expiration of the postponement is imposed upon the registrant. See Davis v. United States, 410 F.2d 89, 93 (8th Cir. 1969)."

## II. REOPENING

■ Here, appellant asserts that the local board either illegally denied a reopening of his classification, or there was a de facto reopening. Again, we disagree. The record of the hearing clearly shows that the board did not proceed to the merits of the conscientious objector claim and, having decided that appellant should not be reclassified, refused to reopen the classification. Rather, the inquiry was limited to the determination of the time when appellant's conscientious objection crystallized. The regulations do not permit the board to evaluate a request for conscientious objection on its merits until it first determines whether the information submitted by the registrant requires reopening. Robertson v. United States, 404 F.2d 1141 (5th Cir. 1968); Miller v. United States, 388 F.2d 973 (9th Cir. 1967).

■ When as a result of the interview, it was found that appellant's beliefs had crystallized before the order to report for induction was mailed, by the language of § 1625.2, the local board was without authority to reopen. This is settled by the recent United States Supreme Court decision of Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (April 21, 1971).

Neither do we find any support in the record for the claim that there was a de facto reopening of appellant's classification.

## III. NOTICE

Appellant next contends that he was denied basic procedural due process because he was not provided copies of letters concerning the courtesy hearing

which were written by the State Director and the United States Attorney. The letter (reproduced above in pertinent part) of the State Director to which appellant refers was written October 8, 1968, after appellant had filed his conscientious objector claim and refused to submit to induction on September 20, 1968. The letter of the United States Attorney, which this issue concerns, was written November 6, 1968 to the State Director. It dealt with the "procedures * * * relating to the treatment and proper processing of those registrants whose claim for conscientious objector status is made only after the registrant has been ordered to report for induction * * * " In this letter, the United States Attorney suggested that the local board postpone appellant's induction and invite him to appear before the board for a courtesy hearing to express his views. In the letter, it was also stated that "[i]f the local board were of the opinion that the registrant's views had matured prior to the order to report for induction, then the local board should decline to reopen this registrant's classification."

In support of his contention that he was denied due process by not having been sent copies of these letters, appellant cites Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955); United States v. Owen, 415 F.2d 383 (8th Cir. 1969), and United States v. Cummins, 425 F.2d 646 (8th Cir. 1970).

In Simmons, the registrant was not furnished with a fair resume of an F.B.I. report recommending denial of his conscientious objector claim, commenting upon the coincidental timing of the registrant's religious activities with pressure from the draft board, and relying upon his abusive and violent treatment of his wife and his past reputation as a heavy drinker and gambler. In Owen, our court held that the registrant was denied a basic procedural right when classified by the local board and the appeal board without being first apprised of and given an opportunity to rebut adverse information placed in his Selective Service file.

Here, the information was obtained as a result of the local board's solicitation of advice from a minister unconnected with the Selective Service System after allowing him to review the registrant's confidential file. Adverse and prejudicial commentary by the minister was made a part of the file and was forwarded to the appeal board and the Department of Justice. In Cummins, the local board had reclassified the registrant as a conscientious objector. The Deputy State Director informed the local board by letter that the State Director was taking an appeal from this classification and setting forth the reasons therefor. Our court found that the "reasons for appeal" were actually adverse allegations and opinions prejudicial to the registrant. The letter containing these statements was placed in the registrant's file which the Appeal Board reviewed when it reversed the local board and reclassified the registrant to I–A. The registrant, while notified of the appeal, was not informed of these adverse statements, and our court found this to be a denial of procedural due process.

◼ Each of the foregoing cases dealt with the failure to inform the registrant of adverse evidence or recommendations relied upon in denying the classification sought. Conversely, in the matter before us, neither of the letters contained any evidence adverse to appellant. Neither the State Director nor the United States Attorney expressed an opinion as to the time appellant's beliefs crystallized, nor were any remarks included concerning the sincerity of the claim. Both letters were directed solely to the procedures which the local board should follow with regard to appellant's status and to the standards to be applied in determining whether his classification should be reopened. The letters contained no evidence or information relating to the merits of the classification sought by appellant. Even if he had received copies of these letters, there was simply nothing contained therein for appellant to rebut. Accordingly, we find that appellant was not denied procedural

due process by not having been sent copies of these two letters.

Appellant also claims that he was denied due process by the failure of the local board to inform him in advance of the purpose of the courtesy hearing and by its failure to furnish him a copy of the summary of this hearing which was prepared by the local board clerk. We find no merit to these contentions.

 As the district court found, it must have been apparent to appellant that his claim of conscientious objection would be discussed at the courtesy interview. Moreover, at that hearing, the only matter of concern to the local board was at what point in time appellant's beliefs of conscientious objection crystallized. This was a matter uniquely within appellant's own knowledge. No evidence adverse to appellant's position was considered by the board at this hearing, and he was not placed in the position of having to refute adverse information or allegations of which he would need to be apprised in advance in order to prepare an adequate rebuttal. Consequently, we fail to see how appellant was prejudiced by the local board's invitation to appear before it, without having been specifically told prior to the courtesy hearing the particular subject of discussion.

 Nor do we find any prejudice to appellant because he did not personally receive a copy of the summary of the hearing which was prepared by the local board clerk. First, appellant was present at the hearing and thus had actual knowledge of what transpired. Secondly, the action of the local board in refusing to reopen was a final decision from which there was no right to appeal. The summary, then, would not be used in any further administrative proceeding, and appellant would not have an opportunity to attack its accuracy in any such proceeding. Thirdly, the summary was placed in appellant's Selective Service file which appellant had the right to inspect or copy at all times. 32 C.F.R. § 1606.32. Finally, subsequent to his indictment for refusal to submit to induction on January 16, 1969, appellant was furnished with a complete copy of all materials in his file, including the summary of the courtesy hearing, to aid him in the preparation of his defense to the criminal charge against him.

## IV. PREGNANCY

Appellant contends that the board's "failure to reopen or even consider the information that appellant's wife was pregnant and that his induction would cause extreme hardship was error and a denial of due process. He claims that in a case such as this, where the induction order has already issued, 32 C.F.R. § 1625.2(b) [3] provides for reopening and reclassification when " * * * the local board first *specifically finds* there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." [Emphasis supplied] It is evident, appellant states, that the board cannot find a change unless all the information is sub-

3. "§ 1625.2 When registrant's classification may be reopened and considered anew.

The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government's appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

mitted to it at a duly constituted meeting, which has not been held in his case. In short, appellant urges that he should have been placed in a III–A classification pursuant to 32 C.F.R. § 1622.30 because of his impending fatherhood and resultant hardship should he be inducted. We find no merit in this claim.

The order to report for induction was mailed to appellant and received by him more than a month before he notified the board of the pregnancy. The child was not born until January 31, 1969, approximately 15 days after the induction process was completed.

Section 1622.30(c), 32 C.F.R. provides:

"No registrant shall be placed in Class III–A under paragraph (a) of this section because he has a child which is not yet born unless prior to the time the local board mails him an order to report for induction which is not subsequently cancelled there is filed with the local board the certificate of a licensed physician stating that the child has been conceived, the probable date of its delivery, and the evidence upon which his positive diagnosis of pregnancy is based."

 Under the plain provisions of 32 C.F.R. § 1622.30(c), appellant was not entitled to a reopening and reconsideration of his classification as a result of the pregnancy. This conclusion follows because appellant failed to timely notify the Board of his wife's pregnancy. The evidence shows that appellant's wife was more than three months pregnant when the order to report was mailed and more than four months pregnant when appellant notified the Board thereof.

The cases of Wright v. Local Board No. 105, 319 F.Supp. 509 (D.Minn.1970) and United States ex rel. Kellogg v. McBee, 2 SSLR 3253 (N.D.Ill. July 18, 1969), are relied upon by appellant in his reply brief. It is unnecessary for us to indicate our approval or disapproval of those decisions inasmuch as they are clearly distinguishable on the facts and are in no way controlling here.

 In regard to the claim for a hardship discharge, as pointed out by the district court, appellant never orally or in writing requested a hardship discharge and pregnancy alone is not prima facie evidence of hardship. In fact, appellant refused to accept the local board's offer to postpone the induction until after the birth of the child. Appellant never presented any facts in addition to the notice of pregnancy that would support a claim for a hardship deferment.

Clearly, appellant was not denied due process with respect to his claim for a III–A classification.

## V. CRYSTALLIZATION

Appellant's contention is that the local board erred in finding that his conscientious objection convictions crystallized in July rather than some time in September. The short answer to this contention is the Supreme Court announcement in Ehlert v. United States, supra, that a board is not required to reopen a registrant's classification where his views had matured after the induction notice is mailed. As shown above appellant was ordered to report prior to the date he claims his convictions crystallized.

## VI. MIRANDA WARNING

We find no merit in appellant's claim that failure of the local board to give the *Miranda* warning at the courtesy hearing was a violation of his constitutional rights under the Fifth and Sixth Amendments. He was not in custody, neither was he accused of nor under indictment for a crime at the time of the courtesy hearing. Thus, failure to give appellant full warnings as to his constitutional rights at that meeting was not contrary to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See United States v. Stark, 418 F.2d 901 (9th Cir. 1969), cert. denied, 397 U.S. 969, 90 S.Ct. 1009, 25 L.Ed.2d 262 (1970); United States v. Dicks, 392 F.2d 524 (4th Cir. 1968); Noland v. United States, 380 F.2d 1016 (10th Cir. 1967).'

## CONCLUSION

All of appellant's claims of prejudicial error have been considered. They are insufficient to warrant interference with the judgment of conviction. Accordingly, we affirm.