**UNITED STATES of America,
Appellee,**

v.

**Michael Joseph WHALEN, Appellant.
No. 71-1273.**

United States Court of Appeals,
Eighth Circuit.

Nov. 24, 1971.

Clark L. Holmes, Des Moines, Iowa, for appellant.

Richard J. Barry, Asst. U. S. Atty., Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Michael Joseph Whalen was convicted on an indictment charging that he willfully and knowingly failed to report for and submit to induction into the armed forces of the United States, in violation of 50 App., U.S.C. § 462. We affirm the judgment of conviction.

Whalen was classified I-A. On April 17, 1970, he was ordered to report for induction on May 19, 1970. On April 24, 1970, the local board received a letter from Whalen stating that he was a conscientious objector and requesting SSS Form 150. The State Director of Selective Service was advised of this letter on April 29, 1970, and by letter dated May 4, 1970, the local board was requested by Iowa state headquarters of Selective Service to "postpone the date of his [Whalen's] induction in order that the local board may review his claim as a conscientious objector." State headquarters further advised the local board that if it determined "there is no basis for a reopening of the registrant's classification, he should be so advised by letter and forwarded for induction on your first induction call following the review." On May 5, 1970, Whalen was notified of a postponement of his induction until his c.o. claim was determined.

Whalen's SSS Form 150 was received by the local board on May 25, 1970. On July 6, 1970, the local board requested that Whalen appear before them for a "courtesy appearance * * * to discuss your claim as an objector." This meeting was held on July 21, 1970. The local board determined that the case should not be reopened and stated as its reason that Whalen's claim for c.o. status "rests fully on consideration of expediency." Whalen was so advised by a letter from the local board dated July 23, 1970. The file was again reviewed by state headquarters, and by letter dated July 27, 1970, it recommended to the local board that Whalen "be forwarded for induction on your August 1970 induction call." The letter further stated that Whalen "may be advised of his new date to report by letter since he is under an outstanding order to report for induction."

On July 28, 1970, the local board mailed a letter to Whalen notifying him that his postponement of induction was terminated and ordered him to report on August 24, 1970. Whalen failed to report for induction on that date.

## I.  POSTPONEMENT

Whalen claims that the local board indefinitely postponed his induction for a period exceeding sixty days, thus invalidating the induction order, relying on 32 C.F.R. § 1632.2(a) which in pertinent part provides:

"[T]he local board may, after the Order to Report for Induction (SSS Form No. 252) has been issued, postpone the time when such registrant shall so report for a period not to exceed 60 days from the date of such postponement, subject, however, to one further postponement for a period not to exceed 60 days; *And provided also, That the Director of Selective Service or any State Director of Selective Service (as to registrants registered within his State) may, for a good cause, at any time prior to the issuance of an Order to Report for Induction (SSS Form No. 252) postpone the issuance of such order until such time as he may deem advisable, or the Director of Selective Service or any State Director of Selective Service (as to registrants registered in his State) may for good cause, at any time after the issuance of an Order to Report for*

*Induction* (SSS Form No. 252), *postpone the induction of a registrant until such time as he may deem advisable * * *"* (Emphasis supplied.)

In United States v. Watson, 442 F.2d 1273 (8th Cir.1971), this Court answered a similar contention by adopting the construction of this section placed upon it by the Ninth Circuit in the case of United States v. Martinez, 427 F.2d 1358, 1360 (9th Cir.), cert. denied, 400 U.S. 879, 91 S.Ct. 122, 27 L.Ed.2d 117 (1970). In so doing, this Court stated:

"As in this case, the postponement in *Martinez* did not exceed 120 days. The court therefore found itself controlled by Parrott v. United States, 370 F.2d 388 (9th Cir.1966) in which the 'distinction is recognized' that if the postponement does not exceed 120 days a postponement 'until further notice' does not cancel the order to report for induction. See also United States v. Newman, 297 F.Supp. 678 (C.D.Cal.1969).

"Since the postponement in this case did not exceed the 120 days limitation and since appellant has not shown that he was prejudiced by the postponement, we hold against him on this issue." *Watson, supra,* 442 F.2d at 1279.

■ In this case, the postponement was from May 19, 1970, to August 24, 1970, far less than the 120 days permitted by the regulation. As in *Watson,* Whalen has not shown that he was prejudiced by the postponement.

## II. REFUSAL TO REOPEN

Whalen also claims that the local board, in considering his claim for c.o. status, made a "de facto" reopening of his classification, thus invalidating his induction order; and that in refusing to reclassify him as a conscientious objector, the board failed to state its basis in fact for its decision and the reasons therefor, thus violating Whalen's right to procedural due process and thereby invalidating the second order to report for induction.

The answer to both of these claims is found in Ehlert v. United States, 402 U.S. 99, 104, 91 S.Ct. 1319, 1323, 28 L.Ed. 2d 625 (1971), which holds that:

"[Selective Service Regulation 32 C.F.R. § 1625.2 (1971)] bars post-notice reopening 'unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.' It is clear that the regulation was meant to cover at least such nonvolitional changes as injury to the registrant or death in his family making him the sole surviving son."

The Supreme Court further stated at pages 107–108, 91 S.Ct. at page 1325:

"Given the prevailing interpretation of the Army regulation, we hold that the Court of Appeals did not misconstrue the Selective Service regulation in holding that it barred presentation to the local board of a claim that allegedly arose between mailing of a notice of induction and the scheduled induction date."

■ Our interpretation of *Ehlert* is that the local board was without authority to reopen the classification of Whalen to determine his claim for c.o. status inasmuch as his claim was first filed subsequent to his notice to report for induction. That being true, the question of a "de facto" reopening and the alleged failure to state the basis in fact for the refusal to reopen need not be reached. United States v. Jones, 447 F. 2d 589, 592 (7th Cir.1971). *Cf.* Ryan v. Hershey, 445 F.2d 560, 565 (8th Cir. 1971), cert. denied 404 U.S. 1004, 92 S.Ct. 565, 30 L.Ed.2d 557; United States v. Hedges, 441 F.2d 726, 727 (8th Cir. 1971).

The judgment of conviction is affirmed.

The mandate shall issue forthwith but its execution shall be stayed for a period of thirty days to give the appellant the option, even at this late date, to voluntarily submit to induction, provided the district court consents thereto, and

thereby provide an avenue by which he may present his claim of conscientious objection to war. *Ehlert* indicates that the appropriate procedure to obtain post-induction consideration of such a claim requires that the registrant do so in military channels.