**UNITED STATES of America, Plaintiff,**

v.

**Joseph William KREJCE, Defendant.**

**No. 3–72 CR 91.**

United States District Court,
D. Minnesota,
Third Division.

July 10, 1972.

Robert G. Renner, U. S. Atty., by Joseph T. Walbran, Asst. U. S. Atty., for plaintiff.

Alan W. Weinblatt, St. Paul, Minn., for defendant.

NEVILLE, District Judge.

Defendant registered with his local draft board May 22, 1969. He was classified I–A on June 24, 1969. He was notified to report for a physical examination December 22, 1970 but failed so to do. Again he was mailed a similar order for January 13, 1971 but failed to report. His file was forwarded to State Selective Service Headquarters and upon its return he was mailed an induction order dated March 26, 1971 directing him to report for induction April 19, 1971. April 15, 1971, some three weeks after the mailing of his induction order, he requested Form SSS 150, the conscientious objector form. This was promptly mailed. His induction date then was postponed and on May 13, 1971 he returned his completed Form 150 to his local draft board. The board was meeting that very day and by a vote of 3–0 determined there was no change in status resulting from circumstances over which the registrant had no control within the meaning of 32 C.F.R. § 1625.2. His case thus was not reopened and he was mailed a notice of a new reporting date for induction for June 24, 1971 at which time he wilfully and knowingly refused induction. The local board granted him no courtesy interview or appearance. It appears from his own statement in his Form 150 and from his testimony on the witness stand that:

"I have always been opposed to violence and killing . . . my religion teaches me that to kill is wrong . . . it was Bernard's Grade School and one year of high school . . . where I had most of my religious training."

There is certainly nothing in the form which would lead the board to believe that some circumstances beyond his control occurred after receipt of his notice to report for induction. Defendant's testimony on the witness stand at trial was to the same effect namely that he had held conscientious objector beliefs for many years. It is clear to the court that the case falls squarely within the teachings of Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), and bars defendant's claimed defense.

██ Defendant alleges a denial of due process in that he was not afforded an opportunity to show any change in his circumstances since he was accorded no courtesy interview. Defendant agrees that he has the burden of showing a change of circumstances after an induction order and also that a courtesy interview is not procedurally required. The court does not believe that refusal to grant a courtesy interview under the circumstances of this case can in any way be a denial of procedural regularity nor of due process.

Defendant's principal claim in attempting to show a change of circumstances after receipt of his notice to report for induction is that he was in ignorance of his rights and became aware thereof only after he read his notice to report for induction. It was nearly two

years from the date of his original registration that he first went to a draft information center to inquire about his rights. He testified he thought always that as a matter of course he was expected to go into the armed services. He claims that no one ever told him of his rights at the local board, nor did anyone ever inform him of the existence or function of a government appeal agent as an advisor to registrants. He admitted on cross-examination, however, that he never went to his local board to inquire except on the day he registered originally, and that he never asked anyone about his rights. There is no doubt that when he was classified I-A he received the usual notice of a right to appeal and of his right to a personal appearance before the board, though in his testimony defendant denied that he had ever received such notice. Defendant was asked on the witness stand, however, to produce his draft card, which he did. It summarizes thereon his right to a personal appearance and an appeal. Defendant never availed himself of these rights.

 It seems to the court that mere ignorance of rights and failure to inquire concerning such could not in any stretch of imagination be denial of due process; nor could the becoming aware thereof after receipt of an induction order be a change of circumstances such as would warrant a reopening of his case by the local board.

Defendant contends that the underpinnings of the *Ehlert* case are crumbling in that the Sixth Circuit Court of Appeals in Grubb v. Birdsong, 452 F.2d 516 (1971), refused to take jurisdiction of or to grant a habeas corpus proceeding after a registrant had gone into the armed services; therefore the "carrot" held forth in Ehlert that those who enter the armed services may assert their claim through administrative channels in the armed forces is misleading. The court is not impressed with this argument and if *Birdsong* so holds, does not believe it will be followed in this circuit.

Certain it is that the courts will not refuse to hear a timely brought habeas corpus proceeding despite the fact that one already is in the armed services if he has proceeded properly administratively. *Ehlert* seems to some extent to have been lost sight of in *Birdsong*.

 Apart from the above and in any event United States v. Whalen, 451 F.2d 755 (8th Cir. 1971), teaches that the local board has no authority or as it were jurisdiction to consider a post-induction notice claim of conscientious objection. It would seem to follow as an *a fortiori* that any refusal to accord a courtesy interview is therefore immaterial and there can be no denial of due process under the circumstances.

In view of the court's holding, it is unnecessary to rule on the claimed hearsay character of an information report in defendant's selective service file reflecting a phone call made from the selective service office to defendant's home at which time allegedly he stated he would not submit to induction since the defendant as a witness at trial stated that such is and was his position. Similarly there is no need to rule on the validity of a statement made by defendant on February 14, 1972 when defendant was interviewed by Walter F. Baker, an FBI agent wherein he admitted that he had reported for but had deliberately refused induction. Defendant made an offer of proof tendering two witnesses, a Mr. St. Martin and a Theresa Roden. It was stated that if called they would testify to the sincerity of defendant's conscientious objector beliefs and further that defendant was not aware of the existence of such an exemption until after receipt of his notice of induction. The court refused the offer of proof on the ground that the court is not a "super draft board" and not permitted to judge *de novo* the character or sincerity of defendant's beliefs, and further that the issue of knowledge of rights or lack thereof at least when no inquiry was made is irrelevant to the case at hand.

A separate finding of guilty has been entered.